AUGUST C. NANZ, Appellant, *v.* JESSE OAKLEY, Respondent.

Where a complaint sets forth all the facts requisite to raise the question of the legal capacity of the plaintiff to bring the action, unless an objection on the ground of want of capacity is taken by demurrer or answer, the defendant will be deemed to have waived it. (Code Civ. Pro. § 499.)
Reported, 120 N. Y. 84.

(Argued June 2, 1890; decided October 7, 1890.)

Motion for reargument.

The following is the opinion :

" The main ground of the motion is that the action cannot be supported in the name of the plaintiff, and that the question whether he was a proper party plaintiff for its maintenance was not considered in the determination of the appeal by this court. The practice formally was, for the surrogate granting administration, to cause the administrator's bond to be prosecuted at the request of the party aggrieved by its forfeiture. (*People* v. *Dunlap*, 13 Johns. 437.) And this was pursuant to statute. (1 R. L. 447, § 10 ; Laws of 1830, chap. 320, § 23 ; 2 R. S. [2d ed.] 53, § 19.) There was also a later statute concurrently operative with that last before mentioned, and which provided for the assignment of the bond by the surrogate to the party in whose favor a decree was entered, after the return of execution unsatisfied, to be prosecuted by such party. (Laws of 1837, chap. 460, § 65 ; *People* v. *Guild*, 4 Den. 551.) While under the former of such statutes the action upon the bond was prosecuted by the surrogate, under the latter by virtue of its assignment, the action, after the Code, might be brought in the name of the person in whose favor

the decree was entered. (*Thayer* v. *Clark*, 48 Barb. 243; *Baggott* v. *Boulger*, 2 Duer, 160; *Cridler* v. *Curry*, 44 How. Pr. 345; *People* v. *Demarest*, 4 Abb. Pr. 292.) The bonds of administration then, as was the bond in the present case, were made in the name of the People, and it may be assumed that they could be prosecuted at law in the manner only as authorized by the statute. (*Annett* v. *Kerr*, 2 Robt. 556.) The statute providing for the assignment of such bonds by the surrogate was repealed by Laws of 1880, chapter 245, and the provisions for prosecution of them are now found in the Code of Civil Procedure, sections 2607, 2608, 2609. They provide for the prosecution of the bond: (1) In the name of the person in whose favor decree was made on return of execution unsatisfied. (2) By the successor of the defaulting administrator whose letters have been revoked. (3) By any person aggrieved, in behalf of himself and all others interested, upon obtaining leave by order of the surrogate so to do in case letters of an administrator have been revoked and no successor appointed. The plaintiff comes within neither of these provisions of the Code. He was, however, the assignee of the claim represented by the surrogate's decree, upon which execution was returned unsatisfied. Although the order of the surrogate may not have authorized the plaintiff to bring the action in his name, it may be assumed that he, at the time of the commencement of the action, was entitled to the money due upon the decree; and the question was one of his legal capacity to sue. This question is not presented in such manner as to require consideration. The complaint set forth all the facts requisite to such objection which was not taken by demurrer or answer. The statute upon that subject provides that the defendant may demur where it appears upon the face of the complaint that the plaintiff has not legal capacity to sue. (Id. § 488.) And if such objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it. (Id. § 499.)

"It follows that error cannot be predicated upon the fact that the administrator in whose favor the decree was entered was the proper party to bring the action.

"The motion should be denied."

*Thornton, Earle & Kiendl* for motion.

*William H. Mundy* opposed.

BRADLEY, J., reads *mem.* for denial of motion.

All concur.

Motion denied.