## JOHN T. JOHNSON *et al.*

*v.*

## MARY HUBER.

*Filed at Mt. Vernon November 5, 1890.*

1. PARTIES—*on creditor's bill—to set aside fraudulent conveyance.* A having but a life estate, with two others, the owners of the remainder, conveyed the same, by warranty deed, for the purpose of defrauding their creditor. On bill by the creditor to set aside the deed, he failed to make the representatives of A, who had died, parties: *Held,* that the representatives of A, deceased, were necessary parties, by reason of the covenants of warranty in the deed.

2. SAME—*married woman—whether she may sue alone.* A married woman may maintain a creditor's bill in her own name, to set aside a conveyance by the debtor in fraud of her rights, although, if the complainant in such case be a *feme covert* residing with her husband in another State at the time of the filing of her bill, it would be advisable to join the husband as complainant.

3. SAME—*want of parties—how availed of.* By the rules of correct practice, an objection to a bill in chancery for want of proper parties should be taken by demurrer, plea or answer; but when the omitted party is not only a proper but also a necessary party, so that a final decree can not be rendered without affecting his or her interests, the objection may be taken at the hearing, or on appeal or error.

4. BOND FOR COSTS—*whether required.* After the entry of a decree in chancery favorably to the complainant, the defendants entered a motion to dismiss the suit for want of a bond for costs. It was not shown, by affidavit or otherwise, that at the time the suit was brought complainant was a non-resident: *Held,* no error to deny the motion.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

This was a creditor's bill, filed by Mary Huber, in the circuit court of Madison county, against John T. Johnson, Fredericka Nolan and Thomas Nolan, to set aside a deed of conveyance made jointly by said John T. Johnson, Fredericka Nolan and Gesch W. Elsen, to the said Thomas Nolan, as being fraudu-

lent against the complainant. At the March term, 1889, and after the entry of the decree, the defendants made a motion to dismiss the suit for want of a bond for costs. It was not shown, by affidavit or otherwise, that at the time the suit was brought complainant was a non-resident. The other material facts appear in the opinion.

Mr. W. S. FOREMAN, and Mr. A. W. HOPE, for the appellants:

The court erred in overruling the motion to dismiss the suit for want of a bond for costs. (Rev. Stat. chap. 33, secs. 1, 2, 3.) Under the statute of 1869 no discretion was allowed, but the motion was waived if not made within time for pleading in abatement. *Roberts* v. *Fahs,* 32 Ill. 474.

Under the act of 1874, the right to require security for costs is not waived, but may be insisted on at any stage of the case. It is jurisdictional. The non-residence was shown by the deposition. *Leadbeater* v. *Roth,* 25 Ill. 478.

The court erred in holding that Mrs. Huber might maintain the bill in her own name, she having a husband, with whom she resided, in the State of Missouri, where it will be presumed the common law is in force. *Tinkler* v. *Cox,* 68 Ill. 119.

The rule of law, that the personal capacity or incapacity attached to a party by the law of the place of his or her domicile, is deemed to exist in every other country, so long as the domicile remains unchanged, even though the transaction would be obligatory under the law of the foreign country. Story on Conflict of Laws, (Redfield's ed.) secs. 65, 423, p. 70; *Duboise* v. *Jackson,* 49 Ill. 52.

The judgment debtor is an indispensable party to a creditor's bill. *Spear* v. *Campbell,* 4 Scam. 424; *Thomas* v. *Adams,* 30 Ill. 37; *Alexander* v. *Hoffman,* 70 id. 116; *Craig* v. *Smith,* 94 id. 474.

The administrator of the deceased debtor was a necessary party. *Spear* v. *Campbell,* 4 Scam. 424; *McDowell* v. *Cochran,* 11 Ill. 31.

JOHNSON *et al. v.* HUBER. 513

Brief for the Appellee. Opinion of the Court.

Mr. JOHN J. BRENHOLT, and Mr. R. S. SAWYER, for the appellee:

There was no proof that complainant was a non-resident when the suit was commenced. *Leadbeater* v. *Roth*, 25 Ill. 587; *Lee* v. *Waller*, 13 Bradw. 403.

The *lex fori* is the law of the remedy, and complainant's right to sue in her own name, for the protection of her interests or property, is given by the statute. Rev. Stat. chap. 68, sec. 1.

It was also unnecessary, we think, to make Gesch W. Elsen, or her administrator, a party to this suit, because the appellee was only seeking to subject Johnson's and Fredericka Nolan's interest in the real estate mentioned in the bill, to the satisfaction of appellee's judgment; and under our statute, where there are two or more judgment debtors, the judgment creditor can make his money out of the property of one of them, if he so desires.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

As amended, this was a bill by appellee, as a judgment creditor of appellants Johnson and Fredericka Nolan, and one Gesch W. Elsen, to set aside an alleged fraudulent conveyance of certain lots in the city of Alton, to appellant Thomas Nolan. The bill alleges the recovery of a judgment against said John T. Johnson, Fredericka Nolan and Gesch W. Elsen, at the October term, 1886, of the circuit court of Madison county; also, that on August 16, 1886, after contracting the indebtedness on which said judgment was rendered, they jointly conveyed the said lots to said Thomas Nolan, who, with said Fredericka, his wife, executed and delivered, at the same time, a mortgage on said premises, to secure the payment of a promissory note for $1000, payable to said John T. Johnson,— which mortgage and deed were each executed with intent to hinder and delay complainant and other creditors of the said

Gesch W. Elsen, John T. Johnson and Fredericka Nolan; that said Gesch W. Elsen owned but a life estate in the conveyed premises, and that said Johnson and Fredericka Nolan were the owners thereof in fee, subject to said life estate; that said Gesch W. Elsen died in July, 1887. The original bill was filed September 14, 1887.

The defendants, by their joint answer, admitted the recovery of a judgment against John T. Johnson and Fredericka Nolan by appellee, but say nothing as to Gesch W. Elsen being a party thereto. They admit the execution of the deed and mortgage, as alleged in the bill, but deny that they were fraudulent, or intended to delay complainant or other creditors of the grantors, and aver that they were each made in good faith, for a valuable consideration.

A decree was rendered setting aside the deed and mortgage, and subjecting the interests of said Johnson and Fredericka Nolan in said lots to the payment of said judgment. On appeal to the Appellate Court for the Fourth District that decree was affirmed, and appellants now bring the record to this court.

One ground of reversal insisted upon is, that the representatives of Gesch W. Elsen, one of the judgment debtors, and also one of the grantors in the alleged fraudulent conveyance, were necessary parties to the bill. We think the point is well taken. While the bill shows that the said Elsen had but a life estate in the lots conveyed, and upon her death Johnson and Fredericka Nolan would have become the absolute owners thereof, and therefore the decree prayed for would affect no interest of hers in the property, it also shows that she was a joint grantor in the deed sought to be vacated. That deed, as appears from the evidence, was a deed with covenants of title, by which the grantors, John T. Johnson, Gesch W. Elsen and Fredericka Nolan, jointly conveyed to Thomas Nolan the lots in question. It was expressly held by this court in *Spear* v. *Campbell et al.* 4 Scam. 426, that in a bill like this the judgment debtor, and grantor in the alleged fraudulent

conveyance, was a necessary party, and it was there said: "The payment of judgments recovered against him was sought to be enforced out of property which he had conveyed with covenants of title, apparently for a valuable consideration, and without fraud or collusion. He ought, under such circumstances, to have an opportunity of showing that the judgment had been paid or otherwise discharged. He should be permitted to contest the right of the complainants to the peculiar remedy they were pursuing. He might be interested in sustaining the conveyance which he made, and he certainly should be allowed the privilege of insisting and proving that it was made in good faith, for a valuable consideration, and without any design to defraud the complainants, or hinder or delay them in the collection of their debts. A decree invalidating his conveyance might result in an eviction of his grantee, who would turn upon him, and seek to make him liable for the failure of title."

This doctrine has never been overruled or modified. Under it, Gesch W. Elsen, if living, would unquestionably be a necessary party, not because any interest she had in the land could be taken to pay said judgment, but because, by reason of the covenants in her deed, she would be interested in sustaining the conveyance. For the same reason her representatives are necessary parties. The fact that both parties to the deed may have known that she had but a life estate in the premises conveyed, would not affect Nolan's right to recover on her covenants of title, if he should be ousted under this decree. *Morgan* v. *Smith*, 11 Ill. 194; *Beach* v. *Miller*, 51 id. 206.

It is true, that by the rules of correct practice the objection to the bill for want of proper parties should have been raised by demurrer, plea or answer; but where the omitted party is not only a proper but a necessary one, so that a final decree can not be rendered without affecting his or her interests, the objection may be taken at the hearing, or on appeal or writ of error. 1 Daniell's Ch. Pl. and Pr. p. 285, note 2; *Spear*

v. *Campbell et al. supra ; Farmers' Nat. Bank* v. *Sperling,* 113 Ill. 281.

We think the Appellate Court was clearly right in holding that the circuit court committed no error in overruling the motion to dismiss the bill for want of a cost bond. Also, in holding that complainant could maintain the bill in her own name, although, if she was a *feme covert* residing with her husband in another State at the time she filed her bill, it would be advisable to join her husband as complainant.

As the decree below must be reversed for want of proper parties defendant, no good purpose would 'be subserved by expressing an opinion as to other objections made to the proceedings in the circuit court, especially since they may be avoided on another hearing.

The judgment of the Appellate Court will be reversed, and the cause remanded to the circuit court of Madison county.

*Judgment reversed.*