JONAS P. VARNUM, ADMINISTRATOR, WITH THE WILL ANNEXED, OF CHARLES J. HAYDEN, DECEASED, APPELLANT, *v.* JAMES W. TAYLOR, RESPONDENT.

*Executors and administrators — when they may sue as such for goods sold after the death of the decedent — an objection of want of legal capacity to sue must be taken by demurrer or by answer.*

Where a testator, by his will, empowers his executors, in their discretion, to continue his business, and they do so, and subsequently resign, and an administrator, with the will annexed, is appointed, such administrator may, in his representative capacity, sue the purchasers of goods, sold in the conduct of such business by the executors, to recover their price.

Where such an action is brought, and all the facts bearing upon the capacity of the administrator, with the will annexed, to sue appear upon the face of the complaint, the defendant must take an objection to the plaintiff's suing in such capacity, by demurrer or by answer, otherwise it is waived. (Code of Civil Pro., §§ 488, 499.)

APPEAL by the plaintiff Jonas P. Varnum, as administrator, with the will annexed, of Charles J. Hayden, deceased, from a judgment

of the Monroe County Court dismissing the plaintiff's complaint, entered in the clerk's office of said county on the 9th day of June, 1890, in favor of the defendant, after a trial before the court and a jury, at which, on defendant's motion upon the close of the plaintiff's case, a nonsuit was granted.

*Howard L. Osgood,* for the appellant.

*W. Henry Davis,* for the respondent.

MACOMBER, J.:

The plaintiff, who is the administrator, with the will annexed, of Charles J. Hayden, deceased, brings this action to recover a balance due the estate which he represents, arising out of dealings of the executors appointed by the will. One of the executors, Charles A. Hayden, was empowered by his associates to manage the business which had previously been conducted by the testator, and which, by the terms of the will, the executors were authorized to continue, in their discretion, after the decease of the testator. The indebtedness of the defendant was incurred between the 20th and 30th of August, 1888, being for merchandise of the estate, manufactured and sold by the acting executor, amounting in all to the sum of $347.50. Subsequently, and on the fourteenth day of September of that year, the executors were permitted to resign their trust, and this plaintiff was appointed by the surrogate of Monroe county in their place as administrator with the will annexed. On the 27th day of November, 1889, Charles A. Hayden, under whose management the estate had been previously administered, assigned to the plaintiff, as administrator, with the will annexed, the claim in action, upon which, it was shown at the trial, there was unpaid at the time the action was begun the sum of $232.50, there having been previously paid by the defendant to Charles A. Hayden the sum of one hundred dollars and fifteen dollars.

Upon the trial the special county judge, at the close of the evidence, nonsuited the plaintiff upon the ground, as stated in the case, that the plaintiff, as the administrator, with the will annexed, of Charles J. Hayden, was not the real party in interest. This direction of the court was erroneous. Under the allegations and the proofs the defendant was indebted to the estate represented by the executors

of the decedent, which indebtedness was incurred under lawful power contained in the will, by which the business theretofore carried on by the testator might be continued by the executors in their representative capacity.

By reason of such authorization in the will, followed, as it was, by the approval of the Surrogate's Court, the indebtedness which the defendant incurred was owing to the executors in their representative capacity, and an action might be maintained therefor by them or their successor.

But there is another reason why this judgment should be reversed, and that is, that the objection to the maintenance of this action by the plaintiff was not taken by the defendant either by demurrer or by answer. All of the facts disclosing any objection which might be taken to the capacity of the plaintiff to sue appeared in the complaint, and if it was intended to raise the objection that the plaintiff, as the administrator with the will annexed, could not maintain the action, it was incumbent upon the defendant to demur to the complaint, or, if it was deemed doubtful whether the facts were all disclosed in the complaint, to allege in his answer that the plaintiff had not legal capacity to sue. The failure either to demur or to answer precluded the defendant from raising the question at the trial. Section 488 of the Code of Civil Procedure provides that the defendant may demur where it appears upon the face of the complaint that the plaintiff has not legal capacity to sue. By section 499 of that Code, if such objection is not taken either by demurrer or answer, the defendant is deemed to have waived it. This is distinctly so decided in the case of *Nanz* v. *Oakley* (122 N. Y., 631; 19 Civ. Pro. R., 246). This principle is in accordance also with the case of *Wright* v. *Wright* (54 N. Y., 437), where it is held that the objection to the ability of the plaintiff to bring suit in the form adopted is in the nature of a dilatory plea, and to be made available it must be strictly pleaded.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

DWIGHT, P. J., and CORLETT, J., concurred.

Judgment reversed and a new trial granted, with costs to abide the event.