### ALTMAN et al. v. WILE et al.

#### (Supreme Court, General Term, Fifth Department. June, 1892.)

ADMINISTRATRIX—LIABILITY—CONVERSION OF GUARDIAN.

> An administratrix, who allows her husband to receive and convert to his own use the funds of an infant next of kin, is not discharged from liability therefor upon the subsequent appointment of the husband as guardian of the said infant, but is equally liable with such guardian.

Appeal from judgment on report of referee.

Action by Isaac Altman and others, administrators of Jacob Altman, against Gabriel Wile, Schanette Wile, Eli Hofeller, and others, to set aside the settlement of one of the defendants as administrator of Samuel Hofeller. From a judgment entered on report of a referee, defendants appeal. Reversed in part, and affirmed in part.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

W. F. Cogswell, for appellant Eli Hofeller.   Sol. Wile, for appellant Gabriel Wile.   De L. Crittenden, for appellant Schanette Wile.   N. Morey, for respondents.

DWIGHT, P. J.   The principal question of law arising upon the voluminous and complicated findings of fact in this case is, after all, a very simple one. It is the question of the extent to which the sureties on an administrator's bond are discharged from liability to the infant next of kin for funds and effects of the estate which are shown to have come into the hands of a person who, for a time previous to the accounting, had been the general guardian of such infant, and to have been converted or withheld by him.   The effect of the holding of the referee was to discharge the sureties in respect to all the share of the estate belonging to the infant for which the guardian had become in any manner liable, and for no other reason than because the guardian had become liable therefor.   This is the fundamental error of the report, which must vitiate the judgment in respect to the appellant Eli Hofeller, lately an infant, sole next of kin of Sigmund Hofeller, deceased, the administration of whose estate is here in question.   Sigmund Hofeller died in January, 1875, leaving a widow and two infant children, Eli and Lily Hofeller, his only next of kin.   Lily died in 1877, intestate, and her mother and brother thereby became vested with the estate of Sigmund in equal shares.   Sigmund's administrators were his brother, Lehman, and his widow, Schanette, now the defendant Schanette Wile, wife of the defendant Gabriel Wile; and their sureties were Abram Altman and Jacob Altman, the latter of whom died in November, 1881, and is represented in this action by the plaintiffs as administrators of his estate.   Lehman Hofeller, one of the administrators of Sigmund, became insolvent in 1881, and remained so until his death, which occurred in 1886.   Before his insolvency the estate of Sigmund had suffered a devastavit, for which both of the administrators were responsible, to the extent of about one half its value, by unsecured loans to the amount of more than $15,000 to Abram Altman, one of the sureties on their bond as administrators, and who also became insolvent in 1881.   In January, 1880, Gabriel Wile and Schanette Hofeller intermarried, and from time to time thereafter Schanette suffered

all, or nearly all, of the funds and assets which remained of the estate of her former husband to pass into the hands of Gabriel, where they remained, unaccounted for to Eli, until the accounting which was taken in this action. In September, 1881, Gabriel procured himself to be appointed, by the surrogate of Erie county, general guardian of Eli, and administrator of the estate of Lily, deceased; and within a few days thereafter he filed a petition as such guardian and administrator for a judicial settlement of the account of Lehman Hofeller and Schanette Wile, as administrators of the estate of Sigmund Hofeller. Thereupon the two administrators voluntarily appeared in the surrogate's court, and consented that such settlement should be made pursuant to such petition, and filed separate accounts as such administrators, and on the same day a decree was made judicially settling the account of Lehman as presented. By this decree Lehman was charged with a balance due from him to the estate of about $5,000, which was decreed to be paid to Gabriel Wile, one half as guardian of Eli, and one half as administrator of Lily. For the collection of these sums executions were severally issued in behalf of Gabriel as such guardian and administrator, respectively, against Lehman, which were returned unsatisfied, and thereupon, by order of the surrogate's court, the bond was assigned to Gabriel; and in February, 1882, two actions were brought by Gabriel as such guardian and administrator, respectively, against the plaintiffs as administrators of Jacob Altman, to recover the amounts above mentioned on the bond so assigned. In May, 1882, this action was brought by the plaintiffs, as such administrators, against Gabriel Wile, as administrator of Lily Hofeller and as guardian of Eli, and against Lehman Hofeller and Schanette Wile, to vacate and set aside the settlement, above described, of the account of Lehman as administrator of Sigmund Hofeller, and for an accounting in this court by both Lehman and Schanette as such administrators, and to restrain the prosecution of the two actions commenced by Gabriel against the plaintiffs on the bond executed by their intestate as surety.

In the action so originally commenced, an interlocutory judgment was entered, providing that the accounts of Lehman and Schanette as administrators of Sigmund Hofeller should be judicially settled in the supreme court, and a referee was thereby appointed to take and state such accounts. He made and filed his report in November, 1886, stating the accounts of both administrators, and charging each with all the moneys of the estate of Sigmund Hofeller, including all the moneys loaned to Abram Altman, and crediting each with the payments made by them respectively. No judgment was ever entered on this report, nor, as it seems, were other proceedings had in the action until the plaintiffs' motion, hereafter mentioned, in May, 1888, to bring in new parties defendant, and for leave to serve a supplemental complaint. In the mean time Lehman Hofeller died, (in December, 1886,) and Eli Hofeller became of age in February, 1888. In March, 1888, a petition was filed in behalf of Eli in the surrogate's court, alleging the fact and date of his majority; that a judicial settlement had been had of the account of Lehman Hofeller as one of the administrators of his father's estate, but that no settlement had been had of the account of his mother, Schanette Wile, the other of such administrators, and praying that she be cited to render such account, and that the same be thereupon judicially settled, and she be decreed to pay to him his share of the estate of his father. Schanette appeared in that proceeding, and filed an account, in which she charged herself with a balance due from her to the estate of some $26,000 as of April 2, 1888, the date of the account, and on that day Eli filed his consent that the account be settled as filed. In that account Schanette claimed no credit for any moneys paid by her to Gabriel Wile as guardian of Eli, nor for any moneys collected or received by him. The plaintiffs in this action were not made parties to the last-mentioned proceeding, but, having learned of its pendency, they made a motion in this action for an order bringing in Eli Hofeller and Levi Adler, the executor of Lehman

Hofeller, as defendants, and for leave to serve a supplemental complaint in the action. That order was made in May, 1888. A supplemental complaint was served, and issue was joined thereon by the answers of Eli Hofeller and Gaoriel Wile, and a reply of the plaintiffs to the answer of Eli, and all the issues in the action were referred to the learned referee whose report is here under consideration.

The foregoing statement of facts serves to show how the question propounded at the outset of this opinion came to arise in this action and between these parties; and but little more seems to be necessary, by way of argument, to demonstrate the incorrectness of the answer given to that question by the report and judgment herein. The theory of the plaintiffs' case, in this respect, which was substantially adopted by the learned referee, is well exhibited by the prayer for relief attached to their supplemental complaint. It prays for a judicial settlement in this court of the accounts of Gabriel Wile as general guardian, etc., and of the accounts of Schanette Wile and Lehman Hofeller as administrators, etc., and it proceeds: ".And that the settlement of such accounts shall be so had and taken as to protect the rights and equities of the plaintiffs as the administrators of the estate of the surety Jacob Altman, and that on such accounting and by the final judgment herein the plaintiffs, as such administrators, shall not be required to pay to Eli Hofeller any part of the assets or securities, legal or equitable, belonging to the estate of Sigmund Hofeller, deceased, which have been turned over to or applied for the benefit of Gabriel Wile, or for any part of said assets or securities which have been disposed of or wasted or lost by the procurement or for the benefit or with the knowledge or consent or by the neglect of duty of said Gabriel Wile, but that all such sums shall be charged to said Gabriel Wile in his accounting and as such guardian," etc. The theory of the case here disclosed is plainly that, to the full extent to which Gabriel Wile, as guardian of Eli, had become in any manner charged with liability for the funds and assets of the estate of Sigmund Hofeller, to the same extent Schanette Wile, as the administratrix of that estate, was—and consequently her sureties were—discharged of such liability. It seems only necessary to state the proposition in this form to demonstrate its fallacy. It is very apparent that the property may have come into the hands of the guardian under such circumstances as to render both the guardian and the administratrix liable therefor to the infant beneficiary of the estate, and those circumstances may well have been such as are mentioned in the prayer for relief above quoted, viz., where the funds of the estate "have been turned over to or applied for the benefit of," or "have been disposed of or wasted or lost by the procurement or for the benefit or with the knowledge or consent of," the guardian. It is very true that for all funds and assets of the estate thus disposed of, wasted, or lost the guardian would be charged, and equally so whether they were received by him before or after his appointment as guardian; but it is equally clear that every such disposition of funds and assets of the estate would constitute a conversion thereof which, so far from discharging the administratrix, would of itself render her liable therefor. It is very clear that there is nothing in the fact that the guardian has become charged, which, of itself, discharges the administratrix; and the assumption to the contrary is, as we have already said, the fundamental error of the conclusions of law of the referee in this respect. He finds as a fact "that from the date of the marriage of Gabriel to Schanette, in January, 1880, Gabriel took possession of the property of Eli Hofeller, the son of his wife Schanette, and who from that time was a member of his family, and acted and assumed to act as the guardian of Eli's property; and that between January, 1880, and September 14, 1881, the following sums of money from the estate of Sigmund Hofeller, deceased, were paid to him by Schanette Wile, or collected and received by him with her knowledge and consent, as follows, to wit;" and here follows a statement of moneys of the estate received by Ga-

briel before his appointment either as guardian of Eli or as administrator of Lily, aggregating the sum of nearly $12,000. It is very clear that for no part, of this money was Schanette discharged from liability as administratrix, albeit Gabriel did become charged with liability therefor as guardian upon his subsequent appointment as such. And the same is equally true of other funds, and equitable assets of the estate which came into his hands after his appointment as guardian, if and so far as they came into his hands as the husband or agent of his wife, and not as guardian of his ward, or were either collusively or negligently permitted by the administratrix to be received and disposed of by him for his own benefit. It is only for such of the funds and assets of the estate as were paid or turned over by the administratrix as such, to the guardian as such, that the former can be held discharged of liability as administratrix. These propositions rest upon elementary principles, and have rarely, if ever, been questioned in adjudicated cases; certainly not in any of the cases to which attention has been called in the elaborate brief of counsel for the respondents. Both the administratrix and the guardian have severally undertaken and given bonds, in effect, to account to Eli for all his share of his father's estate which should come to their hands, respectively. His full share of that estate has been in their hands successively, and for such part of it as he has not received he has his remedy to enforce the liability of either. The liability of the guardian is, no doubt, absolute for all the share of his ward which has come into his hands, whether honestly or dishonestly, before or after his appointment as guardian; but none the less does the liability of the administratrix continue for all the share of the next of kin which has not been turned over to his duly-appointed guardian in the due administration of the estate.

Effect was given to the erroneous principle adopted by the referee by crediting to the administratrix in her account all the funds and assets, legal or equitable, of the estate, with which the guardian had become, by any means, chargeable; and judgment was directed against Eli in accordance with the prayer of the supplemental complaint. That judgment must be reversed. We find nothing in the case to impugn the correctness of the findings and decision of the referee as to the other appellants, and as to them the judgment will be affirmed.

Judgment appealed from reversed as to the appellant Eli Hofeller, and a new trial granted, with costs to that appellant to abide the final award of costs. As to the other appellants, judgment affirmed, with costs.

All concur.