ISAAC ALTMAN and Another, as Administrators, etc., of JACOB ALTMAN, Deceased, Respondents, *v.* ELI HOFELLER, Appellant, Impleaded, etc.

*Judicial settlement of an executor's accounts — upon whom conclusive — when a judgment may be reversed as to one and affirmed as to other defendants.*

A judicial settlement of the accounts of an executor or administrator by a decree of a court of competent jurisdiction is conclusive evidence against the parties who were duly cited or appeared, but, upon an appeal from the decree made therein, the General Term may reverse or affirm the same, wholly or partly, as to any or all of the parties, and may, if necessary or proper, grant a new trial.

The rule of severance is only so far qualified as not to permit a reversal as to some only of the parties, when their relation with their associate parties in respect to the subject-matter is necessarily joint, and cannot be treated as several, nor can a new trial be properly granted as to a portion of a gross sum recovered, and affirmed as to the residue of it.

No person having an interest in the subject of an action is concluded by its determination unless he is a party to it, or may be treated as such. Although a person was a party to an action, yet, if the court on appeal from a judgment recovered therein determines that the judgment as against him was erroneous, while it was otherwise as to the other parties, such person is entitled to a new trial upon the merits, and the judgment ceases to be an estoppel as to him.

APPEAL by the defendant Eli Hofeller from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 7th day of December, 1893, upon the report of a referee.

The judgment appealed from provided, among other things, as follows: " 1. That the judgment or decree heretofore entered in this action on the 13th day of January, 1891, settling the accounts of the administrators of the estate of Sigmund Hofeller, deceased, and of the general guardian of the defendant Eli Hofeller, is of binding force and effect as against the defendant Eli Hofeller, and as between the plaintiffs in this action and said defendant conclusive evidence of the payment to said defendant of his entire distributive share in the property and estate of said Sigmund Hofeller, deceased, and that no portion of the same remained in the hands of said administrators, nor did they remain liable for the payment thereof at the time of the commencement of this action."

*William F. Cogswell,* for the appellant.

*Norris Morey,* for the respondents.

BRADLEY, J.:

This action was originally brought against Gabriel Wile, as general guardian of Eli Hofeller, an infant, Gabriel Wile, as administrator, etc., of Lillie Hofeller, deceased, Lehman Hofeller and Schanette Wile.

The purpose of the action was the exoneration of the estate of the plaintiffs' intestate from liability in the relation which he had assumed as surety for the administrators, etc., of Sigmund Hofeller, deceased, and with a view to that relief the prayer of their complaint was that a judicial settlement be had of the accounts of Lehman Hofeller and Schanette Wile, as administrators of the estate of Sigmund Hofeller, deceased; that Schanette Wile pay to Gabriel Wile, as such guardian and administrator, the amounts due from such estate to Eli Hofeller and the representative of Lillie Hofeller, deceased, and that Gabriel Wile be enjoined from prosecuting certain actions against the plaintiffs, etc.

Afterwards, and in December, 1886, Lehman Hofeller died, leaving his last will and testament, in which he nominated Levi Adler as executor, to whom letters testamentary were duly issued. And on February 10, 1888, Eli Hofeller became twenty-one years of age. Thereupon, in September, 1888, by supplemental summons, Eli Hofeller and Levi Adler, as such executor, were made additional defendants. All the defendants answered separately, except the executor Adler, who did not answer. The issues were tried before a referee, who, upon the facts found by him, determined that the plaintiffs were entitled by judgment to a judicial settlement of the accounts of Schanette Wile, as administratrix, etc., of Sigmund Hofeller, deceased, and of the accounts of Gabriel Wile, as general guardian of Eli Hofeller, and that Schanette Wile was liable on such accounting to account for the whole estate of her intestate. The referee stated the account of her as such administratrix and the account of Gabriel Wile as such general guardian, the result of which was that he was charged with the amount of the estate of Sigmund Hofeller, deceased, to which Eli Hofeller and the personal representative of Lillie Hofeller were entitled.

The referee further determined that the plaintiffs were entitled to judgment to the effect that they, as administrators, etc., of Jacob Altman, deceased, and his estate, were discharged and released from liability upon the bond executed by their intestate with Lehman Hofeller and Schanette Wile (then Schanette Hofeller), such administrators, and as one of their sureties, and directed judgment, which was entered, for such and other relief. Appeals from the judgment were taken separately by the defendants, Eli Hofeller, Gabriel Wile and Schanette Wile, to the General Term, and there it was ordered that the judgment appealed from be and it was reversed as to the appellant Eli Hofeller, and a new trial granted as to him, with costs to that appellant to abide the final award of costs, and as to the other appellants affirmed, with costs, "but that the settlement of the accounts of Schanette Wile and Lehman Hofeller, as administratrix and administrator of Sigmund Hofeller, deceased, by the referee in this action, and the judgment therein shall be of no force and effect as against said Hofeller in the further proceedings in this action."

The issues between the plaintiffs and Hofeller afterwards came on to trial before another referee, who determined that the judgment before mentioned settling the accounts of the administrators, etc., of Sigmund Hofeller, deceased, and of the general guardian of the defendant Eli Hofeller was binding on the latter and conclusive evidence of the payment to that defendant of his entire distributive share in the estate of Sigmund Hofeller, deceased, and that no portion of it remained in the hands of such administrators, and the referee directed judgment for the plaintiffs, which was entered accordingly. Exceptions were taken by the defendant. The view of the learned referee on the last trial was that as the judicial accounting of the administrators was had in an action to which Eli Hofeller and his previous general guardian were parties, the accounting was conclusive upon the appellant, and that as the judgment as to the administrators and general guardian was affirmed, it was rendered no less conclusive against the appellant by the reversal as to him, and, therefore, the granting of the new trial was futile to serve any substantial purpose in his behalf. Upon principle as well as by the statute a judicial settlement of the accounts of an executor or administrator by decree of a court of competent jurisdiction is

conclusive evidence against the parties who are duly cited or appear. (Code Civ. Proc. § 2742.) This was the effect of the first judgment as to all the parties when it was entered. But upon an appeal from a judgment the General Term may reverse or affirm wholly or partly as to any or all of the parties, and may, if necessary or proper, grant a new trial. (Code, § 1317.) The rule of severance is only so qualified as not to permit a reversal as to some only of the parties plaintiff or defendants when their relation in respect to the subject-matter is necessarily joint with their associate parties and cannot be treated as several, nor can a new trial be properly granted as to a portion of a gross sum recovered and affirmed as to the residue of it. (*Story* v. *N. Y. & H. R. R. Co.*, 6 N. Y. 85; *Goodsell* v. *Western U. Tel. Co.*, 109 id. 147.)

The present case is one in equity, and there was nothing in the relation of the parties to prevent the reversal and new trial as to the defendant Eli Hofeller. The question is whether the reconsideration of the judicial settlement of the accounts of the administrators on the merits was open to him upon the new trial directed on the reversal of the judgment as to him alone. True, the accounting as between the plaintiffs and the administrators remained effectual, and the general guardian was conclusively charged by the judgment. But no person having an interest in the subject of an action is concluded by its determination unless he is a party to it or may be treated as such. Although the appellant was a party to the action, the court on review determined that the judgment as against him was erroneous, while it was otherwise as against the other defendants. If the case was susceptible of that situation the appellant was entitled to the benefit of a new trial upon the merits.

The question is presented whether or not the fact that the administrators and general guardian were as to the plaintiffs concluded by the judicial settlement declared by the judgment rendered is also conclusive upon the appellant, notwithstanding the reversal of it as to him.

The view taken by the General Term was that, although as between the plaintiffs and the administrators and the guardian, the guardian was by the judgment charged with having received of or from the estate of Sigmund Hofeller, deceased, an amount sufficient to pay the distributive share to which Eli Hofeller was entitled, the latter upon the facts as they appeared was not required to treat such

liability of the guardian as having been created in such manner as to discharge the administrators to that extent from liability to him, the appellant.

Upon that subject, in the opinion of the court, delivered by Mr. Justice DWIGHT, it, with other things, was said : " It is very apparent that the property may have come into the hands of the guardian under such circumstances as to render both the guardian and the administratrix liable therefor to the infant beneficiary of the estate. * * * It is very clear that there is nothing in the fact that the guardian has become charged, which of itself discharges the administratrix, and the assumption to the contrary is, as we have already said, the fundamental error of the conclusions of law of the referee in this respect. He finds as a fact ' that from the date of the marriage of Gabriel to Schanette, in January, 1880, Gabriel took possession of the property of Eli Hofeller, the son of his wife Schanette, and who from that time was a member of the family, and acted, and assumed to act, as the guardian of Eli's property, and that between January, 1880, and September 14, 1881, the following sums of money from the estate of Sigmund Hofeller, deceased, were paid to him by Schanette Wile, or collected and received by him with her knowledge and consent, as follows, to wit ; ' and here follows a statement of moneys of the estate received by Gabriel before his appointment either as guardian of Eli or as administrator of Lillie, aggregating the sum of nearly $12,000. It is very clear that for no part of this money was Schanette discharged from liability as administratrix, albeit Gabriel did become charged with liability therefor as guardian upon his subsequent appointment as such. And the same is equally true of other funds and equitable assets of the estate which came into his hands after his appointment as guardian if and so far as they came into his hands as the husband or agent of his wife and not as guardian of his ward, or were either collusively or negligently permitted by the administratrix to be received and disposed of by him for his own benefit." And it was there further said that " effect was given to the erroneous principle adopted by the referee by crediting to the administratrix in her account all the funds and assets, legal or equitable, of the estate with which the guardian had become by any means chargeable." (*Altman* v. *Wile*, 46 N. Y. St. Repr. 517.)

Thus are presented some of the facts and some of the reasons by which the General Term was led to the conclusion that the appellant was entitled to a new trial, notwithstanding, as between the plaintiffs and the other defendants, Gabriel Wile was charged with liability to an amount adequate to discharge his obligation as guardian and administrator; and upon those facts and for those reasons Schanette Wile, as administratrix, remained liable to Eli Hofeller.

The law of the case for the purposes of the new trial of the issues between the plaintiffs and the defendant Hofeller is that declared by the General Term, and, therefore, on the new trial, to which he is entitled upon the merits, he is not concluded by the judicial settlement of the accounts, as between the plaintiffs and the other defendants, determined by the judgment.

When the judgment, as against the appellant, was reversed it ceased to be an estoppel as to him, and the reversal in its practical effect was for the purposes of inquiry by him upon the new trial into the state of the accounts of the administrators of the estate of his father, deceased, and into the state of the accounts, legitimately, as such, between them and the general guardian, substantially the same (except for the purposes of a new trial therein) as if he had not been a party to the action ; and if there be established any liability of the administrators, or of either of them, to him he may eventually have his remedy upon their bond. (Code, § 2607; *Nanz* v. *Oakley*, 122 N. Y. 631.)

The judgment should be reversed and a new trial granted, costs of this appeal to the appellant to abide the final award of costs.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from reversed and new trial granted, with costs of this appeal to the appellant to abide the final award of costs.