## John Barth, Assignee of the Wilkin Manufacturing Company, v. Iroquois Furnace Company.

1.  VOLUNTARY ASSIGNMENTS—*Under the Laws of Wisconsin Inoperative in this State.*—An assignee of an insolvent debtor under the laws of Wisconsin can not bring a suit in his own name in the courts of this State upon an indebtedness to the insolvent. The *lex fori* governs.

2.  SAME—*Non-Assignable Choses in Action.*—A voluntary assignment under the laws of Wisconsin can not confer a right of action upon the assignee to sue in the courts of this State upon a non-assignable chose in action.

3.  SAME—*Rights of a Foreign Assignee.*—As to dealings between an assignee under the laws of Wisconsin, and citizens of this State, or to the vesting of the property in tangible things—goods and chattels, lands and tenements—the assignment by the insolvent may be effectual to give the assignee a standing in the courts of this State, notwithstanding the laws of Wisconsin as to assignments by insolvents are opposed to the policy of this State, unless the rights of creditors of the insolvent conflict with the claims of the assignee.

4.  DEMURRER—*To Common Counts.*—It is error to sustain a general demurrer to a common count, because of the improper use of the neuter pronoun "it."

Assumpsit.—Goods sold. Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELEY, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed March 31, 1896.

CRATTY BROS., GRAY, MACLAREN, JARVIS & CLEVELAND, attorneys for plaintiff in error.

It is no more necessary to state that a corporate plaintiff is a corporation than it is to state that an individual plaintiff is a man or woman. Legnard v. Crane Company, 54 Ill. App. 149; Exchange Bank v. Capps (Neb.), 49 N. W. Rep. 223.

The laws of Wisconsin are facts to be pleaded and proven. The court can not take judicial notice of such laws except as the same are set out in the declaration. 1 Greenleaf on Evidence (14th Ed.), Secs. 486, 489.

At common law an assignee in insolvency might sue in his own name to recover an indebtedness due the insolvent at the time of the assignment. 3 Parsons on Contracts (7th Ed.), 469.

Under our statutes in relation to assignments for the benefit of creditors the assignee may sue in his own name to recover an indebtedness due to the assignor at the time of the assignment. Hurd's R. S., 1895, Chap. 10a, Sec. 11.

Comity requires our courts to give effect to the laws of a sister State except so far as those rules contravene the public policy of this State. This rule extends to the name in which an action should be brought. Wooden v. Western N. Y. & P. R. Co. (N. Y.), 26 N. E. Rep. 1050.

Our courts recognize and enforce assignments for the benefit of creditors made in sister States except so far as they conflict with the rights of our citizens or contravene our laws or public policy. Heyer v. Alexander, 108 Ill. 385; May v. First National Bank, 122 Ill. 551; Juillard v. May, 130 Ill. 87.

GARDNER & McFADON, attorneys for defendant in error.

The plaintiff in error can not urge that the principle of comity obtains in this case, for the assignment law under which the appellant holds has been held by the Supreme Court of Illinois to be contrary to the policy of the law of Illinois. Townsend v. Cox et al., 151 Ill. 62.

The mode in which the assignor of a chose in action is to pursue his remedy belongs to and constitutes a part of the law of the forum. Story on the Conflict of Laws, Sec. 555, 556, and notes; Wharton on the Conflict of Laws, Sec. 735.

The rule in Illinois is that a chose in action is not assignable so as to vest a right of action in the assignee. Knight v. St. L., I. M. & S. Ry., 141 Ill. 113; Reeves v. Smith, 113 Ill. 52; Buckmaster v. Eddy, Breese 381; Beezly v. Jones, 1

Scam. 34; McJilton v. Love, 13 Ill. 496; Hughes v. Trahern, 64 Ill. 48; McKinney v. Alvis, 14 Ill. 33; Railroad Co. v. Nichols, 57 Ill. 464; Chapman v. McGrew, 20 Ill. 101; Phillips v. Wilson, 25 Ill. App. 427.

Whether an assignee can sue in his own name is sometimes a technical question, sometimes one that is essential. When it is technical (*i. e.*, when the point is merely whether the suit is to be brought by A to the use of B, or by B immediately, there being no dispute that the title, as between the two, is virtually in B), then the *lex fori* is to decide. It is a mere matter of process. If allowed by the *lex fori*, the assignee may sue in his own name, although forbidden by the foreign law to which the obligation is subject. If forbidden by the *lex fori*, the assignee can not sue in his own name, though permitted by the foreign law to which the obligation is subject. Wharton on the Conflict of Laws, Sec. 735; Story on the Conflict of Laws, Sec. 556.

The rule is of such universal application in Illinois that a chose in action is not assignable so as to vest a right of action in the assignee; we think we need do no more than refer to the decisions to establish this proposition. Knight v. St. L. I. M. & S. Ry., 141 Ill. 113; Reeves v. Smith, 113 Ill. 52.

In Illinois an assignee of a chose in action can not sue in his own name; does the fact that the assignee claims under a foreign law which vests the title in him, change the rule of the forum?

The citation from Wharton on the Conflict of Laws, Sec. 735, above given, states the rule to be, that if allowed by the *lex fori*, the assignee may sue in his own name, although forbidden by the foreign law to which the obligation is subject. If forbidden by the law of the forum, the assignee can not sue in his own name, although permitted by the foreign law to which the assignee is subjected. See also, Leach v. Greene, 116 Mass. 536; Hay v. Green, 12 Cush. 282; Foss v. Nutting, 14 Gray, 484; Fisk v. Brackett, 32 Vt. 798; Levy v. Levy, 78 Penn. St. 507; Murrill v. Jones, 40 Miss. 565.

But the law of the remedy is no part of the contract. Burchard v. Dunbar, 82 Ill. 456; Wood v. Child, 20 Ill. 109.

When the question is settled that the contract of the parties is legal, and what is the true interpretation of the language employed by the parties in framing it, the *lex loci* ceases its functions, and the *lex fori* steps in and determines the time, the mode and the extent of the remedy. Sherman et al. v. Gassett, 4 Gilm. 531; Chenot v. Lefevre, 3 Gilm. 643.

The assignee of a chose in action can not, in the absence of a promise to himself, maintain an action thereon in his own name, but may do so in the name of his assignor. Leach v. Greene, 116 Mass. 536; Usher v. D'Wolfe, 13 Mass. 290; Foss v. Nutting, 14 Gray, 484.

The same rule has been held to apply to a sale by an official assignee of a chose in action belonging to the estate of an insolvent debtor, and that, under the provisions of the insolvent law then in force, no right of action vested in the vendee of the assignee. Hay v. Green, 12 Cush. 282.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiff here was plaintiff below, and filed a declaration as follows:

John Barth, plaintiff, by leave of court first had therefor, comes now and amends his declaration herein so as to read as follows:

" John Barth, assignee of the Wilkin Manufacturing Company, insolvent, complains of the Iroquois Furnace Company, the defendant, summoned, etc., of a plea of trespass on the case on promises: " For that whereas, on the 19th day of August, 1891, the said Wilkin Manufacturing Company became financially embarrassed and indebted to a large number of persons, and was insolvent; that on, to wit, said 19th day of August, 1891, a law was in force in said State of Wisconsin, under and by virtue of which a debtor being unable to pay his or its indebtedness, and being desirous of providing for the payment thereof by voluntary assignment

of all its property and effects for the benefit of his or its creditors, might assign all of his or its property, effects, or choses in action to such person as he or it might select by deed of assignment for the benefit of his or its creditors, and that the said law of the said State of Wisconsin further provided that the legal title to the property and choses in action of the assignor should pass to the assignee mentioned in such deed of assignment upon the execution and delivery thereof; and the plaintiff avers that on, to wit, said 19th day of August, 1891, the said Wilkin Manufacturing Company in pursuance of the said law of the State of Wisconsin, executed and delivered to the plaintiff its deed of voluntary assignment of all its property, effects and choses in action for the benefit of its creditors, and that thereby and under the said law of Wisconsin the legal title to the property and choses in action of the said assignor vested in the plaintiff, and that he, as such assignee, was by the law of said State of Wisconsin authorized to sue in his own name to recover any indebtedness due to said Wilkin Manufacturing Company; and plaintiff avers that at the time of said assignment the said defendant was indebted to the said Wilkin Manufacturing Company in the sum of $15,000 for goods, ware and merchandise before that time sold and delivered by the said Wilkin Manufacturing Company to the said defendant; by means whereof and by virtue of such assignment, the defendant became liable to pay to the plaintiff the said sum of money so due, and being so liable the defendant promised the plaintiff to pay him the said sum on request.

For that whereas, the defendant on, to wit, the said 4th day of May, 1892, was indebted to the plaintiff in the sum of $15,000, for goods, chattels and effects before that time sold and delivered by the plaintiff to the defendant at its request; and in a like sum for goods, chattels and effects before that time bargained and sold by the plaintiff to the defendant at its request; and in a like sum for work and service before that time done and bestowed, and material for the same work furnished by the plaintiff for the defendant at its request; and in a like sum for money before that time

loaned by plaintiff to the defendant at its request; and in a like sum for money before that time paid and expended by the plaintiff for the use of the defendant at its request; and in a like sum for money before that time received by the defendant for the plaintiff; and in a like sum for interest on divers sums of money before that time forborne by the plaintiff to the defendant, at its request for divers spaces of time before then elapsed; and in a like sum for money found to be due from the defendant to the plaintiff on an account then and there stated between them; and being so indebted the defendant then and there in consideration thereof promised the plaintiff to pay it on request the several sums of money so due it as aforesaid.

Yet the defendant, though requested, has not paid the said sums of money above mentioned, nor any or either of them, or any part thereof to the plaintiff, but refused so to do; to the damage of the plaintiff of $15,000; and therefore he brings suit," etc.

The defendant demurred to each count, and final judgment was entered in its favor.

The common count was good, and therefore the demurrer to it should have been overruled. The use of the neuter pronoun " it " was objectionable—if at all—only on special demurrer.

But what the parties are really at odds about is whether an assignee of an insolvent debtor under the laws of Wisconsin can sue here in his own name upon an indebtedness to the insolvent. He can not. The *lex fori* governs. Bouvier's Law Dict., *Lex Fori;* Chumasero v. Gilbert, 24 Ill. 293.

The law of Wisconsin, as well as the assignment by the insolvent, is inoperative in this State to confer a right of action upon the assignee of a non-assignable at law chose in action.

But as to any dealings between the assignee and the defendant, or as to the vesting of the property in tangible things—goods and chattels, lands and tenements—the assignment by the insolvent may be effectual to give the plaintiff a standing in our courts, notwithstanding the laws

of Wisconsin as to assignments by insolvents are opposed to the policy of this State (Townsend v. Cox, 151 Ill. 62), unless the rights of creditors of the insolvent conflict with the claims of the assignee. The assignment is not void, but voidable at the instance of a creditor.

The judgment is reversed and the cause remanded.