(44 Misc. Rep. 15.)

### WATERS v. SPENCER.

(Supreme Court, Trial Term, New York County. June, 1904.)

1. PARTIES—WAIVER OF OBJECTIONS.
    Under Code Civ. Proc. §§ 498, 499, objection that plaintiff has not legal capacity to sue can be raised only by answer or demurrer, and is waived when not so raised.

2. FOREIGN JUDGMENT—ACTION—PARTIES.
    Where, in an action on an Illinois judgment, the validity of the assignment thereof was not questioned, the assignee is the real party in interest, authorized to sue in his own name, under Code Civ. Proc. § 1909.

3. FOREIGN LAWS—PRESUMPTION.
    The presumption that the law of a foreign state is similar to that of the law of the forum, in the absence of proof to the contrary, does not prevail as to statutory law.

4. LEX FORI.
    In matters of procedure the lex fori governs.

5. FOREIGN JUDGMENT—EVIDENCE.
    Where the courts of a foreign state have decided that the judge's signature is not necessary to the validity of a judgment, a duly exemplified

copy of a judgment of such state, though not signed by the presiding judge, is entitled, under Const. U. S. art. 4, § 1, to the same credit to which it would be entitled in such state.

Action by Martin J. Waters against Ralph L. Spencer. Motion to dismiss complaint and for a new trial. Denied.

Stephen Callaghan, for plaintiff.
William K. Hall, for defendant.

CLARKE, J. The defendant moves to dismiss the complaint on the ground that plaintiff has neither stated nor proved a cause of action. The first question raised is whether or not an assignee of a judgment recovered in Illinois can maintain an action in his own name thereon in this state. The legal capacity to bring an action and the existence of a cause of action are distinct. A motion to dismiss is equivalent to a summary demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Albany Belting & Supply Co. v. Grell, 67 App. Div. 81, 85, 73 N. Y. Supp. 580. The objection that the plaintiff has not legal capacity to sue can be raised only by answer or demurrer upon such ground, and, if not so raised, it is waived. Code Civ. Proc. §§ 498, 499; Nanz v. Oakley, 122 N. Y. 631, 25 N. E. 263; Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790; Spooner v. D., L. & W. R. R. Co., 115 N. Y. 22, 21 N. E. 696. It is, however, clear that plaintiff has a good cause of action, and legal capacity to sue. No evidence of the statutory law of Illinois was introduced. In such case the common law, as interpreted by our courts, will be presumed to be in force in the sister state. The validity of the assignment of this judgment is not questioned. At common law the assignment passed the equitable title, vesting in the assignee the exclusive right to control the judgment, to sue thereon in the name of the assignor, and to receive the proceeds when collected. The presence of the assignor on the record, as holding the legal title, is merely a formal requirement. Black, Judg. (2d Ed.) 940; Freem. Judg. (4th Ed.) § 421. The assignee is the real party in interest, and in this state, by the provisions of section 1909 of the Code of Civil Procedure, he is expressly authorized to bring action in his own name. It is urged by the defendant that the assignee is not vested with the right to sue in his own name by this statute, because it cannot be presumed that such right is conferred by like statute in Illinois. The presumption, in the absence of proof to the contrary, that the law of a foreign state is like our own, does not extend to positive statutory law. First Nat. Bank v. National B'way Bank, 156 N. Y. 472, 51 N. E. 398, 42 L. R. A. 139; Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Leonard v. Columbia St. Nav. Co., 84 N. Y. 48, 38 Am. Rep. 491; McDonald v. Mallory, 77 N. Y. 546, 33 Am. Rep. 664; Whitford v. Panama R. R. Co., 23 N. Y. 465, 468. But the law of Illinois, whatever it be, is not controlling on the question of the plaintiff's right to bring the action in his own name. "The lex fori governs in all matters relating to the

remedy and the course of procedure." 22 Am. & Eng. Encyc. of Law (2d Ed.) 1383. Thus it governs as to the parties to the suit. Stoneman v. Erie R. Co., 52 N. Y. 429; Merchants' Loan & Trust Co. v. Clair, 36 Hun, 362; Johnson v. Huber, 134 Ill. 511, 25 N. E. 790. In Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104, Mr. Justice Mathews, in discussing the scope of the application of the lex fori, says, at page 130, 106 U. S., page 106, 1 Sup. Ct., page 104, 27 L. Ed:

"Whether an assignee of a chose in action shall sue in his own name, or that of his assignor, is a technical question of mere process, and is determinable by the law of the forum."

Lodge v. Phelps, 1 Johns. Cas. 139; Scoville v. Canfield, 14 Johns. 338, 7 Am. Dec. 467; Andrews v. Herriot, 4 Cow. 508, 510; Vischer v. Vischer, 12 Barb. 640, 645; Barth v. Iroquois Furnace Co., 63 Ill. App. 323; Leach v. Greene, 116 Mass. 534. In the case before me the action is properly brought in the name of the assignee, as the law of this forum prescribes.

The further question is whether the exemplified copy of the Illinois proceeding is competent evidence of a judgment, it appearing that there is no signature of the judge at the end of the judgment. The Constitution of the United States provides that full faith and credit shall be given in each state to the judicial proceedings of every other state, and empowers Congress to prescribe the method of proving such proceedings, and their effect. Const. U. S. art. 4, § 1. The United States Revised Statutes (title 13, c. 17, § 905 [U. S. Comp. St. 1901, p. 677]) prescribe the method of authentication. When the judgment of a court of general jurisdiction is properly authenticated as prescribed, it will not be questioned, unless fraud be shown, or there be a jurisdictional defect. Smith v. Central Trust Co., 154 N. Y. 333, 48 N. E. 553. The question of jurisdiction is not before this court. Want of jurisdiction is an affirmative defense, and must be pleaded. Rice v. Coutant, 38 App. Div. 543, 56 N. Y. Supp. 351. Mr. Justice Woodward, in that case, at page 548, 38 App. Div., page 354, 56 N. Y. Supp., says:

"The general denial is a denial only of the fact of the existence of the judgment, and the plaintiff, in producing a duly attested copy of the judgment, has met all the requirements of the case, and is entitled to judgment under the pleadings."

The copy of the proceedings offered in evidence was duly attested. It is, however, contended that no judgment in fact is proven thereby; that the record is imperfect, and may have been on file, awaiting the judge's signature to complete it as a judgment. In Morris v. Patchin, 24 N. Y. 394, 82 Am. Dec. 311, cited by the defendant, and in which such suggestion is made, the perfection of the record of judgment in proceedings transferred from one court to another was, by an Ohio statute given in evidence, expressly made dependent upon the signature of the judge of the court to which such case was transferred. There is no such express requisite in this case. The court must give the record the same value as it would be given in Illinois.

The United States Revised Statutes, after prescribing the method of authentication of judicial proceedings, provides:

"And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken."

The credit given to such judgment in the courts of the state of Illinois has been determined. In Habberton v. Habberton, 58 Ill. App. 99, 103, Presiding Justice Scofield says:

"It is suggested that the decree was not signed by the judge. But the decree is of record, and has not been impeached in any proper manner for fraud or mistake, and the signature of the judge is not necessary to its validity. Dunning v. Dunning, 37 Ill. 306; Agnew v. Lichten, 19 Ill. App. 79."

Such determination is in accord with the decisions in this state. Clapp v. Hawley, 97 N. Y. 610; Good v. Daland, 119 N. Y. 153, 156, 23 N. E. 474.

The third point urged by the defendant, that payment of the judgment should be conditioned upon the transfer of certain collateral alleged in the counterclaim to be held by the plaintiff, has already been decided adversely to defendant by the Appellate Division of this court on his motion for a commission to examine certain witnesses without the state. The principles emphasized by the defendant governing the rights of sureties are inapplicable. They would only be applicable upon the assumption that the defendant was an accommodation maker or surety, and therefore entitled to collateral held by the plaintiff. The Illinois judgment has settled that claim against the defendant by rendering judgment against him as a principal. The question of fact or law determined by the Illinois judgment cannot be re-examined by other courts. Dunstan v. Higgins, 138 N. Y. 70, 33 N. E. 729, 20 L. R. A. 668, 34 Am. St. Rep. 431. There is nothing in the counterclaim pleaded to establish that the plaintiff holds securities as collateral to which the defendant is entitled upon payment of the obligation which he incurred as principal.

Motions to dismiss and for a new trial denied. Judgment may be entered upon the verdict in favor of the plaintiff. Defendant may have 30 days' stay, and 30 days to make a case.

Motion denied.