MARY H. OTIS, Respondent, *v.* ARRAS G. WILLIAMS, et al. Appellants.

A requisition to a sheriff in an action for the claim and delivery of personal property, only authorizes the taking of the chattels specified, from the defendant named in the action or his agent; it is no protection, when he takes them from another, in an action of trespass brought by the latter.

The facts that the owner is a married woman and that the defendant is her husband and agent, does not affect the legal status of such owner.

Nor does the fact that in the replevin suit the defendant sets up title and possession in his wife, and succeeds on that issue; the wife is not bound by the judgment therein.

As to whether the court, wherein the judgments in the replevin suit and in the action for trespass were rendered, can control action thereon so that no more than full indemnity may be obtained by the owner *quære.*

(Argued June 6, 1877; decided June 19, 1877.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon a verdict.

This was an action of trespass for the alleged unlawful taking and converting a quantity of household furniture. Plaintiff gave evidence tending to show that she was the owner and in the possession of the premises where the property was at the time of the taking; that the said property was left with her in pledge by Abby P. Stowell, former tenant, to secure a balance of a rent unpaid. Defendant justified the taking, as sheriff of Kings county, under a requisition in an action for the claim and delivery of said property brought by said Abby P. Stowell against Austin W. Otis, plaintiff's

husband. It appeared that in said action the defendant set up in his answer, the title of his wife to the property and possession in her. A verdict was rendered therein in favor of defendant, and judgment was perfected thereon, adjudging that said defendant was entitled to a return of the property or its value.

*Edward P. Wilder*, for the appellants. Defendants having acted strictly within the mandate of the process were not trespassers. (Code, §§ 209, 211, 216; *Shipman* v. *Clark*, 4 Den., 446; *Foster* v. *Pettibone*, 20 Barb., 350; *Bullis* v *Montgomery*, 50 N. Y., 355; 1 Wait's Pr., 738–9.) Plaintiff's remedy was not against defendants. (*Edgerton* v. *Ross*, 6 Abb., 189; *McCann* v. *Thompson*, 13 How., 380; 50 N. Y., 355; 4 Den., 446; *Aldrich* v. *Ketcham*, 3 E. D. S., 577.) The property, ever since its taking under the replevin process, has been in the custody of the law, and could not be the subject of an action. (*McKenzie* v. *Smith*, 27 How., 20–25; *Manley* v. *Patterson*, 3 Code R., 89; Crocker on Sheriffs [2d ed.], §§ 449, 446, 472.) The sheriff cannot be made liable until the bond in the replevin suit is exhausted and every remedy under the former judgment has failed, if he may be so even then. (*Kent* v. *Hud. R. R. R. Co.*, 22 Barb., 278; *Doty* v. *Brown*, 4 N. Y., 71; *Green* v. *Clark*, 5 Den., 497; *King* v. *Chase*, 15 N. H., 9; *Parkhurst* v. *Sumner*, 23 Vt., 538; *Castle* v. *Noyes*, 14 N. Y., 329; 1 Greenl. Ev., §§ 189, 523; *Dexter* v. *Broat*, 16 Barb., 337.)

*Thomas H. Rodman, Jr.*, for the respondent. Defendants having been guilty of a conversion, could not shield themselves behind the writ in the replevin suit. (*Bullis* v. *Montgomery*, 50 N. Y., 356; *Wilkins* v. *Earle*, 44 id., 192; *King* v. *Orsee*, 4 Duer, 436; *Porter* v. *Magrath*, 41 N. Y. Supr. Ct., 101.) Defendants could not set up the replevin suit as an estoppel. (*Ingraham* v. *Hammond*, 1 Hill, 353; *McKnight* v. *Dunlop*, 5 N. Y., 544; *Willoughby* v. *Bachouse*,

4 D. & R., 539; *Heane* v. *Rogers*, 9 B. & C., 577; *Christianson* v. *Sinfard*, 19 Abb., 221; *Brewster* v. *Silence*, 38 N. Y., 428; *Hamner* v. *Wilsey*, 17 Wend., 93; *Otis* v. *Jones*, 21 id., 396; *Higgins* v. *Whitney*, 24 id., 380; *Vosburgh* v. *Welsh*, 11 J. R., 176.)

Folger, J. If we look at this case, without taking into account the relations of the plaintiff therein with the defendant in the replevin action, it is shown to us as follows : The plaintiff proved to the satisfaction of the jury, that she had a property in the goods taken by the sheriff, and that they were in her actual possession at the time of the taking. The verdict of the jury in favor of the plaintiff must be taken to come to that, for they were plainly charged, that to find for the plaintiff, they must first find that the property was left in her hands as a security for rent, and was, at the time of the taking by the sheriff, in her possession and control by reason of that pledging. In *Bullis* v. *Montgomery* (50 N. Y., 352), it was held that the papers in an action for the claim and delivery of personal property, were no protection to a sheriff, in taking the chattels specified in them, from any person other than the defendant named therein. The verdict of the jury, under the charge of the court, establishes that the sheriff did not take the chattels claimed in the replevin suit, from the possession of the defendant therein named, and that he took them from the possession of the plaintiff while she had a property therein. It is plain, then, that the defendants are liable to the plaintiff in this action, unless there is something in the marital and business relations of the plaintiff and Austin W. Otis, which affect the question.

Did the marital and business relations of the plaintiff and A. W. Otis affect the legal status of the plaintiff? We think not. It is claimed that § 216 of the Code is applicable and controls this case. The language does not cover it. A. W. Otis was the defendant in the replevin suit. The plaintiff in this case was not his agent. Nor do we think that the spirit and purpose of that section is such as is con-

tended for. Of course an agent of the defendant can have
no greater rights in the property than his principal has. A
claim by an agent, then, would be but an assertion of the
same right which his principal set up, and which might be
determined in the action against the latter. Wisely, the Code
forbade such repetition. But the principal of an agent is
not obliged to leave his rights to the action or non-action of
an agent; and as he might ordinarily demand and have his
property from the possession of his agent whenever he saw
fit, so he may make claim to it from a sheriff who has taken
it, or assumes to have taken it, from the possession of the
agent.

We will not follow the ingenious argument of the appel-
lants, intended to show that section 216 means to apply to
all persons in privity with each other, and that it could not
have been meant to place the sheriff by its requirements in
the hazard of liability to the owner of the property, and to
the plaintiff in replevin suit, at the same time. It is enough
to say that the section, if strictly observed, imposes no such
hardship. The sheriff before he takes hold of it, has only
to ascertain that the property specified in his process is in
the actual possession of the defendant named therein, and his
process will protect him. If he doubts and the plaintiff in
the process still urges, he must refuse, or rely upon the under-
taking which he may demand from the plaintiff, and to which
he may require two *sufficient* sureties. The cases cited (such
as *Edgerton* v. *Ross* 6 Abb. 189), went upon the fact that
the sheriff had exactly followed the command of his process.
This must be kept in mind. The not doing so is the fallacy
which runs through the appellants' argument. If the sheriff
does not follow his writ, and does take the property from
the possession of another person than the one named in the
writ, he is a trespasser; his writ does not protect him, nor do
any or all of the provisions of the code.

Nor can the action of *Stowell* v. *A. W. Otis*, and the judg-
ment therein, bind the plaintiff in this. She was not a party
to it. She had no legal right to interfere in it. If it had

gone at *Nisi Prius* in favor of that plaintiff, the present plaintiff could not have had a review and correction of error. A. W. Otis was sued in an action which affected him in his own right. If he did not defend he was liable for costs. He had a right to set up title and possession in another, and out of the plaintiff suing him. The circumstances of the case make the argument, that the judgment in that action is a protection to the rights of the plaintiff in this and an indemnity to her, of no force. But if that should be granted, we see no reason why she may not have this action for the trespass and conversion, and elect *de melioribus damnis.* It does not appear that the property has been returned to A. W. Otis or to the plaintiff, or that the value of it has been paid, or that any sufficient levy has been made.

Without expressing an opinion which will control our judgment, it seems possible that the court, in which both these judgments have been rendered, has the power to control action in them, so that there shall not be oppression, and that no more than full indemnity be got by the plaintiff in this action, and the defendant in that.

The judgment should be affirmed.

All concur.

Judgment affirmed.