(8 App. Div. 311)

## LEHMAN v. MAYER.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

REPLEVIN—REQUISITION—CHATTELS IN POSSESSION OF THIRD PERSON.

An order requiring the sheriff to take chattels from a person who is not a party to the action or to the motion for the order is erroneous, as it is no protection to the sheriff in an action against him by such third person for trespass.

Appeal from special term, New York county.

Replevin by Martin Lehman against Lewis Mayer. From an order requiring the sheriff to execute a requisition, and to take certain property into his possession, he appeals. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

B. N. Cardozo, for appellant.

B. F. Einstein, for respondent.

PER CURIAM. The only party defendant to this action was Lewis Mayer. Ruscher & Muller, in whose possession the tobacco which is the subject of the action was, are not parties to the action; and there is nothing in the papers upon which this motion was made tending to show that they are agents of the defendant, or have any connection with him whatever. The requisition upon the sheriff authorizes the taking of the property only from the defendant named in the action, or his agent. It is no protection to him if he takes the property from any other person. Otis v. Williams, 70 N. Y. 208; Bullis v. Montgomery, 50 N. Y. 352. Ruscher & Muller being neither parties to this action, nor to the motion, the order to the sheriff, requiring him to take the property from their possession, would be no protection whatever to him in an action brought by them for the trespass which he must necessarily commit in executing against their property process which had been delivered to him against the property of another person. There is nothing in the facts shown upon this motion from which it can be inferred that the proceeding was taken under chapter 633 of the Laws of 1895, and consequently the provisions of that statute need not be considered. No foundation was laid for the granting of such an order, and it must be reversed, with $10 costs and disbursements.