66  625
169s 129

## James H. Gilbert v. The Watts-DeGolyer Company.

1. EXECUTIONS—*Subject to Plaintiff's Control.*—An execution is process belonging to the plaintiff therein; he has a right to control it, and his interests and wishes should at all times be respected by the officer in charge.

2. MEASURE OF DAMAGES—*Failure to Properly Execute Writ.*—In a suit against a sheriff for a failure to properly execute a writ of execution the measure of damages is *prima facie* the debt due the plaintiff, and the burden rests on the defendant to show facts in mitigation.

**Trespass on the Case,** for failure to properly execute a writ. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

### STATEMENT OF THE CASE.

This was an action on the case brought by the Watts-DeGolyer Company, a corporation, against James H. Gilbert, late sheriff of Cook county, to recover damages alleged to have been sustained by reason of an unlawful continuance of a sale under an execution, against the protest and command of the plaintiff in the writ.

The trial of the case, below, resulted in a verdict and judgment against the defendant for $705.70.

The declaration alleges the following facts: That on the 16th day of November, 1893, the appellee recovered a judgment for $687.95, in the Superior Court of Cook County, in an attachment suit against the Birdsall Company; that on the same day a special execution was issued and placed in the hands of the sheriff, by which writ he was directed to sell the property previously attached; that the sheriff, in compliance with the law, posted the usual notices and advertised the sale for the 28th day of November, 1893, at ten o'clock A. M., at the Agricultural Building of the World's Fair; that on the 27th day of November, 1893, the sheriff requested the plaintiff to consent to a continuance of such sale; that the plaintiff refused to give such consent, but

peremptorily instructed the sheriff to sell the property on the following morning, pursuant to his published notices, and that in case of a failure so to do, he would be held personally liable for any damages sustained; that at the time and place of said sale, as advertised, there were present persons who were ready to pay the full market value of the goods and chattels so attached.

The declaration, after alleging the foregoing, avers that the sheriff, "notwithstanding his duty in that regard, and notwithstanding the positive command of said writ of execution, and pursuant to his published notices thereof, did then and there announce to the bidders present that such sale would be postponed, and did then and thereafter convert the same to his own use and benefit, to the damage of the plaintiff of fifteen hundred dollars," etc.

To which declaration the defendant filed a plea of general issue.

The following appears from the evidence:

November 25, 1893, the sheriff was served with a notice by one C. V. Smith, attorney, representing J. P. Nye, of New York City, to the effect that the said attorney would make application before Judge Goggin, of the Superior Court, for an order staying the sale.

An affidavit of said Smith containing the following, was served upon the sheriff by said Smith:

"In the case of the Watts-DeGolyer Company against the Birdsall Company. Now comes the intervening petitioner, J. P. Nye, by Cornelius V. Smith, his attorney, and intervening herein, pursuant to the statute, shows to the court that at and before the time of the beginning of this attachment herein, said J. P. Nye was the owner of the property taken under the writ of attachment herein; that said Nye was the owner by virtue of a certain bill of sale of the property, a copy of which is hereto annexed;" and then that he, said Nye, paid for the same as recited in said bill of sale, and was in actual possession of said property by some one (naming the party), as his agent, at the beginning of this attachment suit or proceeding.

This so-called intervening petition was, by stipulation, on October 20, 1894, dismissed without costs.

Mr. Smith testified : " I formulated the petition and attached my affidavit, and also the affidavit by Mr. Nye, and went into court on it, and Judge Goggin refused to enter any orders restraining the sale."

After the aforesaid notice had been received by the sheriff, he decided to postpone the sale, and immediately notified plaintiff's attorneys to that effect.

On the 27th day of November, the sheriff was served with a written notice by plaintiff's attorneys, notifying the sheriff that unless he proceed with the sale on the following morning, he would be held personally liable for their client's debt, and that plaintiff would pursue the property no further.

On the 28th day of November the sheriff continued the sale one week, at the expiration of which time he went out to sell the property, but there being no bidders present he continued the sale for another week, and then sold the property, realizing from the sale $306.50, all of which was applied by the sheriff in satisfaction of his costs and expenses, the execution being by him returned " no part satisfied."

Mr. Elliott, an attorney, testified that he " notified Mr. Stephens " (the sheriff's chief deputy) " that the court had declined to interfere in the matter, and that it was proper for the sale to go on, and he referred me to Mr. Bliss, the sheriff's attorney. I went to Mr. Bliss' office, in company with Mr. Jones, I think, the evening before the sale was made, and explained, but they refused to make the sale, and insisted that they would postpone it. It was then I prepared the notice which I had served on them by messenger on November 27th, the evening before the sale.

On the 28th, the date the sale was advertised, I was out there on behalf of the Watts-DeGolyer Company and two other judgment creditors, and I was authorized to bid in the property if necessary, for sufficient to cover the amount of all three of the claims. The three claims together amounted to something like $2,500. I was prepared to bid that amount. Deputy Sheriff Jones came to the ground at

the hour, and adjourned the sale. The property was in the east end of the Machinery Hall on the World's Fair grounds. My recollection is, there were two or three other parties there to bid, who came and looked at the property. The principal articles were the two traction engines and the steam thresher and separator.

I made an investigation at the time into their value, and the conclusion I reached was, that these three machines were worth between $3,000 and $4,000."

Bliss, McKittrick & Northam and George Gillette, attorneys for appellant; E. R. Bliss, of counsel.

Bulkley, Gray & More, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

An execution is process awarded and belonging to the plaintiff therein, and he having a right to control it, his interests and wishes should at all times be respected by the officer in charge.

While the plaintiff has no right to insist upon a fraudulent or oppressive use of the writ, nor in any respect to compel the officer to exercise a severity which would seem to be actuated by malice toward the defendant as much as by a desire to obtain satisfaction of his judgment, all directions of the plaintiff not savoring of fraud nor undue rigor and oppression, must be obeyed, or the officer will be held liable for injurious consequences flowing from his disobedience. Morgan v. The People, 59 Ill. 58; Reddick v. Admrs. of Cloud, 2 Gil. 670; Walworth v. Reedsboro, 24 Vt. 252; Patton v. Hamner, 28 Ala. 618; Freeman on Executions, Vol. 1, Sec. 108; Boyden v. Frank, 20 Ill. App. 169.

The statute of this State with reference to sales upon execution provides (R. S., Chap. 77, Sec. 49): "The officer may postpone such sale from time to time, not exceeding ten days at one time, whenever, for want of bidders or other good cause, he shall think it for the interest of the parties concerned."

The evidence in this case shows that the postponement was not for want of bidders. Was it for "other good cause?"

The statute of this State contains the following provision:

"That whenever an execution or writ of attachment issued from any court of record, shall be levied by any sheriff or coroner upon any personal property, and such property shall be claimed by any person other than the defendant in such execution or attachment, or shall be claimed by the defendant in the execution or writ of attachment as exempt from execution or attachment by virtue of the exemption laws of the State, by giving to the sheriff or coroner notice in writing of his claim, and intention to prosecute the same, it shall be the duty of such sheriff or coroner to notify the judge of the County Court of the same." R. S., Chap. 140, Sec. 1.

Thereafter a trial of right of property may be had in the County Court.

There is no pretense that the postponement was in pursuance of this statute. The sheriff did not give notice to the judge of the County Court, of an intervening claim; there was not a postponement in order to give time for a trial of right of property.

The Superior Court, from which the execution issued, upon application of the intervening claimant, refused to postpone the sale; the sheriff being informed of this, upon his own responsibility, and despite the orders of the plaintiff, continued the sale.

For such act the record shows no "good cause" (see Sec. 49, Ch. 77, R. S.); and therefore for whatever damage happened in consequence of his neglect, the sheriff is responsible to the plaintiff.

*Prima facie* the measure of damages is the debt due the plaintiff, and the burden rests on the defendant to show facts in mitigation. Bank of Rome v. Curtis, 1 Hill, 275; Dunlap v. Berry, 4 Scam. 327; Pardee v. Robertson, 6 Hill, 550; Patterson v. Westervelt, 17 Wend. 543; Weld v. Bart-

lett, 10 Mass. 474; Young v. Hosmer, 11 Mass. 89; Harris v. Kirkpatrick, 35 N. J. L. 392; Humphrey v. Hathorn, 24 Barb. 278; Ledyard v. Jones, 3 Seld. 550; People, for use, etc., v. Palmer, 46 Ill. 402.

In the present case, not only did the sheriff fail to show an excuse for not selling as directed by the plaintiff, but it was shown that the sheriff had notice that there was present a party ready to bid the entire amount of the plaintiff's claim, when the sheriff, in defiance of the direction of the plaintiff, postponed the sale.

The judgment of the Circuit Court is affirmed.