(67 App. Div. 81.)

ALBANY BELTING & SUPPLY CO. v. GRELL, Sheriff.

(Supreme Court, Appellate Division, First Department. December 20, 1901.)

1. REPLEVIN—POSSESSION BY OFFICER—ABANDONMENT—STATUTES—PENALTY.
   Code Civ. Proc. § 1706, prescribes when and to whom, as between the parties to a replevin suit, the sheriff must deliver the chattel, and section 1707 imposes a penalty on a sheriff for delivering the chattel to either party without the consent of the other, save as prescribed in section 1706, or under execution. *Held*, that section 1707 refers to a delivery to a party to the action, and the sheriff is not subject to the penalty for a delivery to a third party.

2. PLEADING—DEMURRER—ALLEGATIONS OF COMPLAINT.
   On a formal demurrer to a complaint, on the ground that it fails to state facts showing a cause of action, it is to be construed as stating all facts that can be implied from its allegation by reasonable intendment.

3. MOTION TO DISMISS COMPLAINT—EFFECT.
   On a motion to dismiss a complaint, on the ground that it fails to state facts showing a cause of action, its sufficiency is to be tested as on a formal demurrer on such ground.

4. REPLEVIN—COMPLAINT—SUFFICIENCY.
   Code Civ. Proc. § 1700, relative to replevin, requires the sheriff to take from the defendant, or his agent, the property described in the affidavit. In an action against a sheriff for releasing property taken under a writ of replevin, the complaint was dismissed, on the ground that it failed to state a cause of action, in that it did not show that the property was taken from defendant or his agent. The complaint alleged that the property was sold to defendant by plaintiff, and delivered to him, and that

he shipped the same to New York, where it was taken, under the writ, from the freight house of the carrier. *Held,* that the dismissal of the complaint was error.

5. SAME—ABANDONMENT BY OFFICER—BURDEN OF PROOF.

Where a sheriff takes possession of property under a writ of replevin, and then relinquishes his possession, in an action against him for such release by the plaintiff in replevin the burden is on the sheriff to show a reason for the abandonment.

Appeal from trial term, New York county.

Action by the Albany Belting & Supply Company against William F. Grell, as sheriff of Albany county. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

L. E. Warren, for appellant.

Philip J. Britt, for respondent.

PATTERSON, J. When this cause came on for trial, and immediately upon the jury being impaneled, counsel for the defendant moved to dismiss the complaint. That motion was granted, and from the judgment entered thereupon the plaintiff appeals. There are two branches of the action as set forth in the complaint, although they are not stated as separate causes of action. The first is to recover a penalty under section 1707 of the Code of Civil Procedure; the second to recover damages for alleged wrongful conduct of the defendant, as sheriff, in releasing property which it is claimed he took into his possession under a writ of replevin issued at the instance of the plaintiff in this action. The facts set forth in the complaint as pertaining to both branches are: That the plaintiff sold to one Davies certain merchandise; that the sale was induced by fraudulent representations on the part of the purchaser; that the property was delivered to such purchaser at Ft. Edward; that, upon discovery of the false representations of Davies, the plaintiff elected to rescind the sale; that Davies shipped the merchandise from Ft. Edward to the city of New York, where it arrived on or about September 27, 1900; that on that day the plaintiff brought an action against Davies in the supreme court of the state of New York, in the county of Albany, and issued a summons and complaint; that the action was in replevin and for damages for the wrongful detention of the property; that, at the same time, the plaintiff caused to be made an affidavit which, with a requisition requiring the sheriff of the county of New York to replevy the chattels, was delivered to such sheriff; that the plaintiff caused to be executed in due form of law an undertaking, as required by the statute in actions of this character; that, on the 27th of September, 1900, the plaintiff caused the original summons and complaint, affidavit, requisition, and undertaking, together with copies thereof, to be placed in the hands of the defendant in this action, who was then the sheriff of the county of New York; that the defendant approved of the undertaking and the plaintiff paid the sheriff's fees; that the process and papers mentioned were delivered into the hands of one of the defendant's deputies for service and

execution, and on the day mentioned one of the officers of the plaintiff corporation pointed out to such deputy part of the property which the sheriff was required to take by virtue of the requisition at the New York Central & Hudson River Railroad Company's freight depot in New York City, and also other portions of the property found upon a public street of the city of New York; that the sheriff then and there gave notice to the parties engaged in handling such property that he replevied the same, and then and there took possession thereof by virtue of the process; that at the expiration of three days after the property was so pointed out and replevied, and without procuring any undertaking as was required by law, and the plaintiff's bond not having been excepted to, and without any affidavit having been filed by any third party claiming the property, the sheriff released it to some person or persons unknown to the plaintiff, and without the plaintiff's consent, and refused to hold possession thereof as required by law; and thereupon it is charged that the defendant forfeited the sum of $250 to the plaintiff, under section 1707 of the Code of Civil Procedure. The complaint further alleges that, upon the expiration of three days after the property was pointed out to the sheriff and taken by him under the writ, the plaintiff duly demanded such property from the possession of the sheriff, who refused to deliver it, or any part thereof, to the plaintiff, by reason of which the plaintiff sustained damages to the amount of $622.93, the value of the chattels. Judgment was demanded both for the penalty and for such value of the merchandise.

The action of the court in dismissing the complaint, so far as related to a recovery of the sum of $250 as a penalty, was right. Section 1707 of the Code of Civil Procedure provides:

"'A sheriff, who delivers to either party, without the consent of the other, a chattel replevied by him, except as prescribed in the last section, or by virtue of an execution issued upon a judgment in the action, forfeits, to the party aggrieved, two hundred and fifty dollars; and is also liable to him for all damages which he sustains thereby."

The allegation of the complaint is that the sheriff released the property to some person or persons unknown to the plaintiff. It is not alleged that the property was delivered to the defendant. On this branch of the case the action is for a penalty. The section of the Code refers to a delivery by the sheriff to either party without the consent of the other, and relates directly to the provisions of section 1706, which prescribes when and to whom the sheriff must deliver a chattel. The words "either party," in section 1707, mean the parties mentioned in section 1706. Those two sections, read together, refer to a delivery by the sheriff to parties to the action, and those parties are the defendant or the plaintiff in the action, and no one else. The claims of third parties are regulated by other sections of the Code, and in this respect the provisions of section 1707 differ materially from the provisions of section 18 of title 12, chapter 8, part 3, of the Revised Statutes, regulating, prior to Codes of Procedure, the action of replevin. 2 Edmond's St. p. 543.

As to the second branch of the action, the complaint was dismissed, on the ground that it did not state facts sufficient to consti-

tute a cause of action, because, under the Code of Civil Procedure, the sheriff is only authorized to take the property mentioned in the affidavit and requisition from the possession of the defendant in the action or his agent, and it was held that there is no allegation in the complaint, either that he so took it or that after so taking it he turned it over to the defendant or his agent. It is provided by section 1700 of the Code of Civil Procedure that, if any chattel described in the affidavit is found in the possession of the defendant or his agent, the sheriff, to whom the affidavit, requisition, and undertaking are delivered, as prescribed in the foregoing sections of the article, must forthwith replevy it by taking it into his possession. He must thereupon, without delay, serve upon the defendant a copy of the affidavit, requisition, and undertaking, by delivering the same to him personally, if he can be found within the county; or, if he cannot be so found, to his agent, if any, from whose possession that chattel is taken; or, if neither can be found within the county, by leaving the copy at the usual place of abode of either, with a person of suitable age and discretion. This section of the Code of Civil Procedure is taken from section 209 of the Code of Procedure, by which a radical change was made in the action of replevin as that action was regulated under the Revised Statutes. The change is pointed out by Judge Folger in the case of Manning v. Keenan, 73 N. Y. 61. Under the Code of Procedure, the process is so fashioned "that the command to the sheriff is to take specific goods from a particular person," namely, the defendant or his agent. In such taking, the sheriff is protected by the process, which does not protect him from taking from any other person. Bullis v. Montgomery, 50 N. Y. 352. "If the sheriff does not follow the writ, and takes the property from a person not named in it, he is a trespasser." Otis v. Williams, 70 N. Y. 211. The question then is whether the complaint in this action, properly construed, contains allegations in substance and effect that the property was taken from the possession of Davies or his agent. On this branch of the case, the motion to dismiss was equivalent to a summary demurrer. The complaint was treated at the trial as if the plaintiff had declared on two causes of action, and its sufficiency must be determined by the same rules that would apply had a formal demurrer been interposed on the ground that it did not set forth facts sufficient to constitute a cause of action. On such a demurrer, a complaint will be held to state all the facts that can be implied from its allegations by reasonable intendment. Sanders v. Souter, 126 N. Y. 193, 27 N. E. 263; Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. Here the fair implication is that the replevied articles were in the possession of Davies. They were in his possession at Ft. Edward, and nothing appears from the complaint to show any change of that possession. It does not appear that they were consigned to any person other than Davies himself, and the reasonable assumption is that the carrier's possession was his possession. It further appears that the sheriff's deputy seized the property under the writ, and, therefore, actually executed the process conformably to its requirement. The allegations of the complaint were, there-

fore, broad enough to cover the fact that the property was taken from the possession of Davies or his agent, and, when the process was executed by the sheriff and he took the merchandise under it and then relinquished his possession, the burden was thrown upon him to show sufficient reason in law for his abandonment of the property to a third person, by which act the rights of the plaintiff in the replevin action were wholly defeated.

The judgment must be reversed, and a new trial ordered as to the second branch of the case, or, as it is called, the second cause of action set forth in the complaint, with costs to appellant to abide the event. All concur.