EDWARD ARNOLD SANFORD and MARTHA COBB SANFORD, as Administrators, etc., of ARNOLD R. SANFORD, Deceased, Respondents, *v.* MAUDE RICHARDSON and ELEANOR M. BEEBE, Also Known as " ANNA T. HART," Also Known as " MRS. D. KINGSLEY," Appellants, Impleaded with LINCOLN SAFE DEPOSIT COMPANY, Defendant.

Second Department December 1, 1916.

Civil rights — unreasonable searches and seizures — equity — appointment of receiver to hold and inventory property contained in safe deposit box of litigant.

In a suit which seeks to charge the defendants with a fiduciary relationship with the plaintiff's intestate and with the misappropriation of funds of the intestate which came to them in a fiduciary capacity, the

court has no power to appoint a referee or receiver to hold and make an inventory of property in the possession or custody of the defendants and contained in a safe deposit box rented by them and standing in their names, or to require the defendant safe deposit company to give the referee access to the deposit box. Such order is contrary to statutory provisions against unreasonable searches and seizures.

A court of equity has no inherent power to style a receiver a referee when he possesses no judicial power, or to send him as a visitor to search the private papers of a litigant, nor has it statutory power to do so under sections 827 and 1015 of the Code of Civil Procedure.

APPEAL by the defendants, Maude Richardson and another, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 29th day of August, 1916.

*Charles E. Scribner* [*Allan R. Campbell* and *Henry H. Nordlinger* with him on the brief], for the appellants.

*Warren Bigelow* [*Herbert M. Simon* with him on the brief], for the respondents.

STAPLETON, J.:

The order from which the appeal was taken appoints a receiver (James Dempsey, Esq.) of specific property in the possession or custody of the defendants, and restrains the parties defendant from interfering with the receiver's possession. It further restrains defendants' interference with a repository in which property that belongs to defendants and property that may belong to plaintiffs, or upon which they may have a trust impressed, are mixed. It then reads as follows:

" Ordered that a detailed inventory be forthwith made under the direction and supervision of James Dempsey, Esq., who is hereby appointed Referee and fully empowered for that purpose, of the entire contents of the safe deposit box in the Lincoln Safe Deposit Co. rented on or about the 15th day of July, 1916, and standing on the books and records of said company in the name of Mrs. Anna T. Hart; that said box be opened and said inventory be made at such time or times as the said Referee shall appoint and designate, and upon two days' notice to each of the attorneys of record appearing herein for the several parties hereto; that said Referee shall make

or have made under his direction and supervision, copies, abstracts and/or other reproductions of all such papers, docu ments and/or other contents of said safe deposit box; that said Referee shall make and file his report to this court of all of the proceedings had in accordance herewith, and attach to said report, the inventory and such copies, abstracts and/or other reproductions thereof as he shall make or cause to be made; and it is further

"Ordered that all persons having keys and/or other ways or means of access to said safe deposit box, be and they hereby are required and directed to furnish each and all of the same to the said Referee at all of such times as the said Referee shall direct; that at all of the times of opening of the said safe deposit box, the parties hereto or their representatives, each with a clerk, stenographer or other assistant, shall be permitted to attend and to examine under the supervision of the said Referee, the entire contents of the said safe deposit box; and to make copies and/or abstracts thereof; and it is further

"Ordered that nothing herein contained or otherwise ordered shall be construed to prevent, hinder, impede or delay the action of the said Referee herein appointed from fully and effectively performing each, every and all of the matters and things directed and authorized by him to be done or performed; and it is further

"Ordered that upon and at any time after the report of the said Referee to this court as to the contents of said safe deposit box, the plaintiffs, upon two days' notice in writing to the attorneys of record for such of the defendants as may by that time have duly appeared herein, shall have and they hereby are given leave to apply to this court at the foot hereof for an order or direction extending the receivership hereby made, to such part or portion of the contents of said safe deposit box or the whole thereof, as to the court may seem fitting and proper."

The order was made in an action in which it is alleged, upon information and belief, that the defendants Richardson and Beebe (Beebe being otherwise known as Hart and Kingsley) bore to the plaintiffs' intestate a fiduciary relationship, misap-

propriated funds of the intestate which came to them in that capacity, and acquired other property with those funds. The other defendant is the safe deposit company where defendant Beebe, under the name of Hart, has a safe deposit box. The order was granted after the joinder of issue.

The part of the order that we have quoted is the part we will discuss, as we are not disposed wholly to disapprove of its other provisions.

The respondents would defend those provisions of the order as the exercise of a power inherent in a court of equity; that is, that the power inheres in the court to call its receiver a referee and to send him, thus nominated, as its visitor to search the private papers of a party litigant, the so-called referee possessing no judicial power. We are bound to say they cite no authority which precisely sustains their contention, and *Hallenbeck* v. *Parr* (65 App. Div. 167, 169) and *Matter of Ehrich* v. *Root* (134 id. 432), while not decisive of the question we are considering, display reasoning which, we think, is destructive of the proposition. The respondents assert that statutory authority for the order is given by sections 827 and 1015 of the Code of Civil Procedure. Those sections read as follows:

"§ 827. Special references in certain cases. Where a provision of this act authorizes the court to approve an undertaking, or the sureties thereto; or to make an examination or inquiry; or to appoint an appraiser, receiver, or trustee; it may direct a reference to one or more persons designated in the order, either to make the approval, examination, inquiry or appointment, or to report the facts to the court, for its action thereupon. And where, according to the practice of the Court of Chancery, on the 31st day of December, 1846, a matter was referable to the clerk, or to a master in chancery, a court having authority to act thereupon, may direct a reference to one or more persons, designated in the order, with the powers which were possessed by the clerk, or the master in chancery, except where it is otherwise specially prescribed by law."

"§ 1015. Compulsory reference upon questions incidentally arising. The court may likewise, of its own motion, or upon the application of either party, without the consent of the

other, direct a reference to take an account, and report to the court thereon, either with or without the testimony, after interlocutory or final judgment, or where it is necessary to do so, for the information of the court; and also to determine and report upon a question of fact, arising in any stage of the action, upon a motion, or otherwise, except upon the pleadings."

A reading of the sections will refute the assertion. The purpose and scope of section 1015 have been adjudicated. (*Doyle* v. *M. E. R. Co.*, 136 N. Y. 505.) The policy of the State is as follows: " The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, ought not to be violated; and no warrants can issue but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (Civil Rights Law [Consol. Laws, chap. 6; Laws of 1909, chap. 14], § 8.) In a case in which a similar provision was contained in a constitution it was said: " Search warrants were never recognized by the common law as processes which might be availed of by individuals in the course of civil proceedings, or for the maintenance of any mere private right; but their use was confined to cases of public prosecutions instituted and pursued for the suppression of crime or the detection and punishment of criminals." (*Robinson* v. *Richardson, Judge,* 13 Gray [Mass.], 454, 456.)

It is not suggested that the quoted provisions of the order would serve any useful purpose except to supply the plaintiffs with evidence to maintain the cause of action alleged in their complaint. When they establish their right to an accounting, which is the basis of their suit, the law is sufficient to aid them. (*Conrady* v. *Buhre*, 148 App. Div. 776.) The difficulty of maintaining a case upon the available evidence is not a sound reason for invading a civil right established by law. Without legislative aid the court can take no account of the difficulty which either party may have in procuring evidence to maintain his claim or defense, and the Legislature has prescribed no procedure which warrants the quoted provisions of the order.

The order should be modified by striking out the provisions quoted, and further modified by striking out that part thereof

which enjoins interference with the receiver in taking into his possession, as such receiver, any property other than the property specified; and further modified by striking out that part thereof which restrains interference with the referee appointed in the order in making the inventory and inspection directed by the order to be made, and by incorporating a provision that the order is made without prejudice to the right of defendant Beebe to apply to the Special Term for leave to remove from the safe deposit vault, upon such condition as it may impose, property or private papers which upon the motion she may prove belongs to her, and as modified affirmed, without costs.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred.

Order modified in accordance with opinion, and as modified affirmed, without costs. Order to be settled before STAPLETON, J.