The People of the State of Illinois for use of Math
Gitzen et al., Trading as Standard Electrical Sup-
ply Company, Appellee, v. Bernard W. Snow,
Bailiff of the Municipal Court of Chicago, and
Maryland Casualty Company, Appellants.

Gen. No. 32,624.

Opinion filed October 3, 1928.

Robert P. Rollo, for appellants; George V. O'Con-nell, of counsel.

Robert C. Baumgartner, for appellee; William R. Wiley, of counsel.

Mr. Justice Wilson delivered the opinion of the court.

The declaration in this cause is for debt and is brought in the name of the People of the State of Illinois for use of Math Gitzen, Lester B. Merrefield and Fred T. Gitzen, doing business as the Standard Electrical Supply Company, plaintiff, against Bernard W. Snow, as bailiff of the municipal court of Chicago and the Maryland Casualty Company, a corporation, defendants, and charges that on the 19th day of November, 1924, the said Snow, as principal, and the Maryland Casualty Company, as surety, did jointly and severally acknowledge themselves to be firmly bound unto the plaintiff in the sum of $50,000, which obligation was in writing and which obligation required that the said Snow, as bailiff of the municipal court, should faithfully discharge all of the duties required of him while acting as such officer.

Further charges that the said Snow has not faithfully discharged all the duties required of him by law, but, on the other hand, failed to so do. Further charges that the said plaintiff on the 4th day of December, 1922, obtained a judgment in the municipal court of Chicago for the sum of $224.24, as damages against one George A. Hill, defendant in said proceedings. Charges that pursuant to said judgment the plaintiff sued out a certain writ of execution directed to the said defendant, Snow, as bailiff of the municipal court, commanding him to seize certain lands and chattels of the defendant.

Charges that the said defendant Hill obtained possession of certain real estate (describing it) situated in the city of Chicago and took possession of the same,

and that the said defendant Snow was directed by the plaintiff to levy upon all right, title and interest of said Hill in and to said premises.

Charges that the said defendant Snow levied upon said property, but did not cause the moneys due the plaintiff to be made out of said levy, but, contrary to the direction of the plaintiff, released the said levy and returned the writ of execution no part satisfied.

The declaration consisted of four counts differing somewhat in detail and, in support of the declaration, there was filed an affidavit of the amount due, setting up the fact that the sum of $276.90 was due and that payment of said amount would act as a satisfaction of judgment.

To this declaration a plea was filed to which a demurrer was sustained and a second amended plea was filed to which a demurrer was again sustained and a third amended plea was filed to which a demurrer was again sustained. Thereupon, upon leave of court, plaintiff filed his fourth amended plea, to which a demurrer was interposed and sustained by the trial court and defendant elected to stand by his plea, and judgment was entered in favor of the plaintiff and against the defendants in the sum of $50,000 to be satisfied upon the payment of the amount of the original judgment with interest amounting to the sum of $276.80. Further ordered that upon the payment of said damages, said debt was to be discharged.

It is urged as a ground for reversal that, while the bailiff should obey all proper instructions given him in regard to an execution, it is, nevertheless, not his duty to levy upon property not belonging to the defendant against whom the execution issues. It is further urged as a ground for reversal that the bailiff was entitled to demand an indemnity bond from the plaintiff and that the failure of the plaintiff to provide the bailiff with this indemnity bond relieved him of the obligation of levying upon the real estate in question.

The Municipal Court Act, Cahill's St. ch. 37, ¶ 389 *et seq.*, in regard to the duties and obligations of the bailiff of the municipal court, defines them to be practically the same as the duties and obligations of the sheriff.

Cahill's St. 1927, ch. 77, ¶ 44, provides as follows:

"If there is a reasonable doubt as to the ownership of the goods, or as to their liability to be taken on the execution, the officer may require sufficient security to indemnify him for taking them."

It is urged on behalf of plaintiff that the word "goods" does not apply to real estate and, in support of their contention, cite 28 C. J. 721. Under the pleadings we are not called upon to decide this question.

Where a levy is made by an officer, he is under a different situation than where he refuses to make the levy in the first instance. In the case at bar defendant had made a levy, and, afterwards, released it over the objection of plaintiff and, consequently, the rule appears to be that the burden is upon the bailiff to show that the property was not the property of the defendant in the original judgment. 35 Cyc. 1831; *Albany Belting & Supply Co. v. Grell,* 67 App. Div. 81, 73 N. Y. Supp. 580.

The plea in the case at bar contains no allegation that the real estate in question was not the property of Hill, the defendant to the original judgment, nor does it set up any facts showing that the real estate in question was not the property of Hill. The plea admits that the levy was made and admits that the defendant Snow refused to consummate the levy by the sale of the property. The only allegation that appears to be in the plea from which it could be inferred that Hill was not the owner of the property is an allegation to the effect that after the levy the defendant, Snow, informed the plaintiff that the said Hill had no right, title or interest in the property in question. This is not a direct allegation of the essential fact and the

demurrer was properly sustained. It might be true that the defendant, Snow, informed the plaintiff of that fact but, nevertheless, the fact itself, viz, that Hill was not the owner, might not be true.

The objection to the amount of the damages found by the trial court is not well taken. In an action such as this, the amount of the judgment is prima facie the amount of the damages. *Gilbert v. Watts-DeGolyer Co.*, 66 Ill. App. 625.

Upon the trial of the case the defendant, Snow, would have a right to show facts in mitigation of the damages, but, on demurrer, the amount of the judgment is prima facie the amount of the damages.

We see no reason for differing with the ruling of the trial court. For the reason stated in this opinion the judgment of the superior court is affirmed.

*Judgment affirmed.*

HOLDOM, P. J., and TAYLOR, J., concur.