NATIONAL BONDHOLDERS CORPORATION et al., on Behalf of Themselves and Others Similarly Situated, Appellants, v. WILLIAM B. JOYCE et al., Defendants.

LILLIAN BOEHM, Respondent.

Argued October 4, 1937; decided November 23, 1937.

*Sol M. Stroock* and *John S. Montgomery* for appellants. Petitioner is not entitled as a matter of law to intervene since the discretion vested in the court by virtue of its supervision over all phases of the liquidation of an insurance corporation includes full discretion to permit or deny her application for intervention. (*Gallin* v. *Burdick*, 265 N. Y. 492; *Matter of People* [*Casualty Co.*], 244 N. Y. 443; *Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69; *Broderick* v. *Marcus*, 144 Misc. Rep. 310; 236 App. Div. 722; *Isaac* v. *Marcus*, 258 N. Y. 257; *Guaranty Trust Co.* v. *Minneapolis & St. Louis R. R. Co.*, 52 Fed. Rep. [2d] 418; *Palmer* v. *Bankers' Trust Co.*, 12 Fed. Rep. [2d] 747; *Ithaca Gas Light Co.* v. *Treman*, 93 N. Y. 660; *People* v. *Anglo-American Savings & Loan Assn.*, 66 App. Div. 9; 169 N. Y. 606; *Matter of Fontana*, 85 Hun, 219; *Dresdner* v. *Goldman-Sacks Trading Corp.*, 240 App. Div. 242.)

*Joseph M. Proskauer, J. Alvin Van Bergh* and *Albert L. Solodar* for William B. Joyce et al., defendants, in support of appellants. The granting of permission to intervene is discretionary with the court under the Insurance Law (Cons. Laws, ch. 28). (*Gallin* v. *Burdick*, 265 N. Y. 492; *Isaac* v. *Marcus*, 258 N. Y. 257; *Wormser* v. *Metropolitan Street Ry. Co.*, 184 N. Y. 83; *Towers* v. *African Tug Co.*, [1904] 1 Ch. 558; *Matter of People* [*Casualty Co.*], 244 N. Y. 443.) Intervention is always discretionary in derivative stockholder suits under a court's general equitable powers. (*Rosenberg* v. *Salomon*, 144 N. Y. 92; *Gittleman* v. *Feltman*, 191 N. Y. 205.)

*Louis Boehm, Gabriel Rubino* and *Samuel Zeiger* for respondent. Petitioner is entitled to intervene as of right. (*Maas* v. *Sullivan*, 124 Misc. Rep. 295; 213 App. Div. 820; *Chase Nat. Bank* v. *10 E. 40th St. Corp.*, 238 App. Div. 370; *Irish Free State* v. *Guaranty Safe Deposit Co.*, 126 Misc. Rep. 269; *Uhlfelder* v. *Tamsen*, 15 App. Div. 436; *Curtis* v. *Goldberg*, 137 App. Div. 10; *Winfield* v. *Stacam*, 40 App. Div. 95; *Friedman* v. *Schreiber*, 50 Misc. Rep. 617; *Lowenstein* v. *Reekes*, 140 Misc. Rep. 645; *Matter of Bohnet* v. *Mayor*, 150 N. Y. 279; *Brennan* v. *Hall*, 131 N. Y. 160; *Meyer* v. *Title Guarantee & Trust Co.*, 227 App. Div. 818; 228 App. Div. 641; *Industrial & R. F. Corp.* v. *Continental B. & T. Co.*, 242 App. Div. 598.)

FINCH, J. Plaintiffs appeal, by permission of the Appellate Division, first department, from an order of reversal upon a certified question: " Is the petitioner Lillian Boehm entitled as a matter of law to intervene in this action and to be joined as a party plaintiff? " The order at Special Term, denying the motion of petitioner to intervene and to be joined as a party plaintiff herein, was reversed on the law and not in the exercise of discretion, and the intervention granted.

The petitioner, a minority stockholder of the National Surety Company in liquidation, moved at Special Term for leave to intervene and be joined as a party plaintiff in this action.

The action is a derivative one, brought to recover from former directors and officers of the National Surety Company and others for wrongs done by them to the corporation. It was instituted as the result of an investigation made into the affairs of the surety company by the Superintendent of Insurance in the course of rehabilitation and subsequent liquidation proceedings. On May 9, 1935, the Superintendent of Insurance by motion applied to the Special Term for instructions whether such action should be brought, and a report was submitted recom-

mending that the Superintendent should take no action. Upon the return day of the order to show cause, many counsel representing creditors and stockholders appeared and urged that suits should be instituted against the former officers, directors and others. At this time, neither petitioner nor her counsel appeared, although service of the order to show cause had been made upon her. The court at Special Term in an opinion disapproved the recommendation of the Superintendent of Insurance, relieved the latter, with his acquiescence, of instituting an action, and directed that the three largest groups represented at the hearing, namely, bondholders, other creditors and stockholders, nominate three individuals, one from each group, to act as plaintiffs to sue in a representative capacity. For this purpose the court directed four named counsel to start the action in order to prevent the running of the Statute of Limitations. The original complaint was prepared by counsel designated by the court and submitted to the court for approval, and has now been superseded by the present amended complaint, containing twenty-six causes of action. Before the action was reached for trial, plaintiffs received a substantial offer of settlement from the defendants, and at the time of the argument herein, an application was pending before the court at Special Term, in its capacity as supervisor of liquidation proceedings, for approval of the proposed settlement. ·

The order of the Supreme Court, commencing liquidation proceedings of the National Surety Company was entered on or about June 1, 1934, pursuant to the Insurance Law (Cons. Laws, ch. 28; § 404, subd. 1). By virtue of this order the Superintendent as liquidator was vested with all causes of action theretofore vested in the company, including any causes of action against former directors. (Insurance Law, § 404, subd. 2; *Isaac* v. *Marcus*, 258 N. Y. 257, 268; *Gallin* v. *Burdick*, 265 N. Y. 492.) Petitioner, however, urges that here the action is not

brought by the Superintendent as rehabilitator liquidator, but by bondholders, other creditors, and stockholders, and that, therefore, petitioner has an absolute right to intervene. It is a complete answer to this contention that a court of equity, by virtue of its supervision over all phases of the liquidation of a financial corporation, possesses full discretion to permit or deny an application for intervention. The conduct of the liquidation is subject in all its phases to the supervision and control of the court, except in so far as the Legislature may have vested discretionary power in the Superintendent. Save for this, the court in its discretion, may veto the acts of the Superintendent as liquidator, and is vested with a discretion which may override that of the Superintendent. If the present action had been brought by the Superintendent, his conduct would have been subject to the supervision and discretion of the court, in accordance with the decisions of this court. In such an action the application of a stockholder to intervene would rest within the discretion of the court. In *Matter of People (Title & Mortgage Guarantee Co.)* (264 N. Y. 69, 80) this court said: " The Superintendent becomes a statutory receiver; the property of the corporation is brought into the protective arm of the law and the receiver is subject to directions of the court except in so far as discretionary power is vested by the Legislature in him."

In the case at bar the Superintendent was unwilling to bring the present action. This fact does not diminish the responsibility and discretion of the court. Indeed the facts would seem to show that inasmuch as here the court directed this action to proceed, and approved the complaint, these functions of the court became of even greater importance. Upon the withdrawal of the Superintendent of Insurance, the discretion of the court became exclusive. By directing and authorizing the present action, the court did not oust itself from its full discretion. In the discharge of this discretion, the court

authorized the bondholders, other creditors and stock-holders to nominate three individuals, one from each group, to prosecute the actions. Each of the plaintiffs was chosen to represent all the members of such groups in the institution of this action, and the court at Special Term has found that the action " is in the hands of competent attorneys to whom it was entrusted after careful consideration."

The court of equity, having complete supervision of this action, had the right in its discretion to refuse to permit the petitioner to intervene.

It follows that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. The certified question should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Ordered accordingly.