## In the Matter of EMMA LEHR.

Supreme Court, Special Term, Kings County, December 3, 1940.

*John J. Bennett, Jr., Attorney-General [Francis X. Wazeter* of counsel], for the petitioner.

BROWER, J. The State Department of Mental Hygiene moves for an order directing the Manhattan Safe Deposit Company, in the presence of a representative of the department, to search or cause to be searched a safe deposit box leased by one Emma Lehr in the vaults of said bank for any personal property belonging to her, and to permit its representative to make a list thereof.

On or about February 6, 1940, Emma Lehr was regularly committed to Brooklyn State Hospital as a mentally sick person, and continues to be a patient in that institution. She has never been judicially declared incompetent and no committee of her person or property has been appointed.

The terms of the contract which she had with the safe deposit company are not set forth, and as that company received no notice of this application, its attitude does not appear. No evidence is presented as to the contents of the box (except a statement that there may be an insurance policy). The express purpose of the application is to determine whether the patient has property sufficient to warrant an application for the appointment of a committee, by affording an inspection of the contents of the box, no

matter what may be found therein or what private papers or documents or property may be there.

Counsel has cited and the court has found no authority indicating that there is any inherent power in this court to grant such relief. Indeed, the public policy of the State seems to be quite the contrary. (Civ. Rights Law, § 8; *Sanford* v. *Richardson*, 176 App. Div. 199, 203.)

It is true that the Supreme Court has jurisdiction of the property of those incompetent to manage their affairs; but this jurisdiction must be exercised by means of a committee. (Civ. Prac. Act, § 1358; *Matter of Beckwith*, 84 N. Y. 503; *Matter of Andrews*, 192 id. 514.) Once a committee is appointed, the court possesses both inherent and statutory authority, through its duly constituted representative, the committee, not only to search, but to take possession and control of the contents of safe deposit boxes leased or used by the incompetent. (Civ. Prac. Act, § 1377-a.) There are other instances of the granting of statutory authority to the courts in connection with opening safe deposit boxes, notably subdivision 3 of section 249-t of the Tax Law.

Section 50 of the Mental Hygiene Law, relied on by the Attorney-General, confers no such power, however, being designed to provide for the temporary custody of money, clothing and other personal effects found on the person of a patient in a State hospital or in the possession of the person or hospital with whom or where the patient previously resided.

I conclude that to grant the relief sought would constitute an unauthorized invasion of the patient's personal rights and that the court is without power to grant the order prayed for.

Motion denied.