SAMUEL I. POSEN et al., Suing on Their Own Behalf and on Behalf of All Other Stockholders of Universal Pictures Company, Inc., Similarly Situated, Respondents, *v.* J. CHEEVER COWDIN et al., Respondents, and JOHN F. WESSEL et al., Appellants.

SAMUEL I. POSEN et al., Suing on Their Own Behalf and on Behalf of All Other Stockholders of Universal Pictures Company, Inc., Similarly Situated, Respondents, *v.* J. CHEEVER COWDIN et al., Respondents, and MAURICE DEUTSCH, Intervener, Defendant-Appellant.

(Two Motions — No. 124 and No. 61.)

First Department, November 26, 1943.

*Joseph Nemerov* of counsel for appellants John F. Wessel and others, and *Louis W. Vyner* of counsel for appellant Maurice Deutsch, for motion (No. 124).

*J. Alvin Van Bergh* of counsel for defendants-respondents J. Cheever Cowdin and others, opposed (No. 124).

*Henry B. Hodge* and *Abraham L. Pomerantz* for motion (No. 61).

*Joseph Nemerov* and *Louis W. Vyner* opposed (No. 61).

*Per Curiam.* Upon the trial of this action, instituted by plaintiff stockholders of Universal Pictures Company, Inc., for the benefit of their corporation the court was advised that, subject to the approval of the court, a compromise had been agreed upon by the parties. The court thereupon directed that notice be given to all stockholders of the corporation advising them to attend and present any objections thereto. Pursuant to this invitation, the appellants appeared at hearings held by the court for the purpose of determining the propriety of the settlement. The court, however, against the opposition of the appellants approved the settlement and entered a judgment which, after reciting the appearance of the stockholders in

opposition, declared the settlement to be binding on the corporation and all its stockholders. The appellants appealed to this court and moved to consolidate their appeals, to extend the time within which to file a consolidated record and to notice the consolidated appeal for argument. This motion was met by a cross motion by the plaintiffs to dismiss the appeals.

We are of opinion that when the appellants, pursuant to notice served upon them in accordance with the direction of the court, appeared at Special Term, presented objections to the offer of compromise, were heard by the court, and the fact of their appearance and opposition was expressly recited in the order and judgment, they secured a standing in that proceeding sufficient to entitle them to appeal from the judgment approving the compromise as parties " aggrieved " within the meaning of section 557 of the Civil Practice Act. (*Bing* v. *Consolidated Oil Corp.*, a motion decided by this court on February 2, 1943 [not reported]. See, also, *Attorney-General* v. *North America Life Ins. Co.*, 77 N. Y. 297; *Cohen* v. *Young*, 127 F. 2d 721.)

The motion to consolidate the appeals should be granted and the time to file the consolidated record and notice the appeal for argument should be extended. The cross motion to dismiss the appeals should be denied.

GLENNON, UNTERMYER, DORE and COHN, JJ., concur; MARTIN, P. J., taking no part.

Motion [No. 124] to consolidate appeals granted and the time to file the consolidated record and notice the appeal for argument extended. The cross motion [No. 61] to dismiss the appeals denied. Settle order on notice.