Appellant was a party aggrieved, within the purview of section 557 of the Civil Practice Act, and was entitled to appeal from the order. (Hobart v. Hobart, 86 N. Y. 636; Posen v. Cowdin, 267 App. Div. 158; 6 Carmody on New York Pleading and Practice, § 63.) The writ of replevin must be vacated as there is no authority for its issuance in a purely equitable action to compel the performance of a trust. (Cf. Sager v. Blain, 44 N. Y. 445, 450; Civ. Prac. Act, § 1094.) The order was also erroneous in that it directed the sheriff to take into his possession articles not specified in the replevin requisition (Bullis V. Montgomery, 50 N. Y. 352, 356; cf. Lehman v. Mayer, 8 App. Div. 311) from a safe-deposit box maintained by a defendant together with one not a party to the action. (Matter of Ehrich v. Root, 134 App. Div. 432; Sanford v. Richardson, 176 App. Div. 199.) Carples v. Cumberland Coal & Iron Co. (240 N. Y. 187) is not to the contrary. That case did not concern the question of the right to seize property under a writ of replevin; *772 and the safe-deposit box there involved was leased solely to defendant. Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ., concur.