Harold C. ACKERT, as Executor of the Estate of Laura B. Smith, Deceased, Plaintiff,

v.

Evan L. AUSMAN et al., Defendants,

Else Willheim and Randolph Phillips, Objectants.

United States District Court
S. D. New York.
May 29, 1963.

---

Pomerantz, Levy, Haudek & Block, New York City, William E. Haudek, New York City, of counsel, for plaintiff.

Debevoise, Plimpton, Lyons & Gates, New York City, Samuel E. Gates, J. Asa Rountree, New York City, of counsel, for defendant Investors Diversified Services, Inc.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Taggart Whipple, Roland W. Donnem, New York City, of counsel, for defendant Investors Mutual, Inc., appearing specially.

White & Case, New York City, David Hartfield, Jr., New York City, of counsel, for defendant Robert W. Purcell.

Bennett Frankel, New York City, for objectant, Else Willheim.

Randolph Phillips, pro se.

FREDERICK van PELT BRYAN, District Judge.

These are motions to remand a suit brought by plaintiff Ackert derivatively on behalf of Investors Mutual, Inc. (the Fund) and representatively on behalf of all the stockholders of the Fund, against the Fund, Investors Diversified Services, Inc. (IDS) and certain named direc-

tors of the Fund.[1] The suit was instituted in the New York State Supreme Court, New York County in 1960, 29 Misc.2d 962, 218 N.Y.S.2d 822, charging that IDS had received excessive advisory fees and underwriting commissions and that certain directors of the Fund had been under the control of IDS, in violation of the Investment Company Act of 1940, 15 U.S.C. § 80a-1 et seq., and the applicable common law. An amended and supplemental complaint was served in December of 1962.

Thereafter extended settlement negotiations were conducted by the parties and on March 1, 1963 they entered into a stipulation of settlement which was submitted to the State Court for its approval. The court appointed a referee to hear and report on the fairness of the settlement, notices were sent to the Fund's over 340,000 stockholders between March 6 and 8, 1963, and a hearing was held before the referee on April 9, 1963. Only one stockholder, Willheim, appeared and was heard to oppose the settlement,[2] although a second, Phillips, had served notice of intention to appear and failed to do so.[3]

After the hearing was concluded but before the referee had filed his report, Willheim and Phillips filed a petition under 28 U.S.C. §§ 1441 and 1446 removing the case to this Court. Both plaintiff Ackert and the various defendants have moved to remand the action to the State Court from whence it came, pursuant to 28 U.S.C. § 1447, on the ground that the case 'was removed improvidently and without jurisdiction."

■ The language of the petition which Willheim and Phillips filed clearly removes the entire State Court action and not merely the proceeding on the proposed settlement. No doubt this is because the proceeding on settlement appears to be a part of and ancillary to the original action and, under the statute, is therefore unremovable standing by itself. Toney v. Maryland Casualty Co., 29 F.Supp. 785 (W.D.Va.1939). See also American Automobile Ins. Co. v. Freundt, 103 F.2d 613 (7 Cir.1939).

28 U.S.C. § 1441 allows removal of State Court actions only if all of the defendants join in the petition. Here the status of petitioners in the action which they have removed is not precisely defined and the named defendants, the Fund, IDS and Purcell have not joined in the petition but oppose removal.

■ It is well established that in determining whether an action is removable, the Federal Court to which it has been removed may realign the parties to reflect their actual interest. Broidy v. State Mut. Life Assur. Co., 186 F.2d 490 (2 Cir.1951); Hedges v. Rudeloff, 196 F. Supp. 475 (S.D.Texas 1961); Gratz v. Murchison, 130 F.Supp. 709 (D.Del. 1955). In this connection Willheim and Phillips contend that since they are the only persons who oppose the settlement, they are the real as well as the only defendants left in the action and this Court should realign the parties accordingly. As authority for this position they rely on Cohen v. Young, 127 F.2d 721 (6 Cir. 1942), which holds simply that in a stockholders derivative suit, a stockholder who appears to oppose a settlement which is approved over his objection has the right to appeal "like a defendant." Cf. Pianta v. H. M. Reich Co., 77 F.2d 888 (2 Cir. 1935); Christian v. R. Hoe & Co., 63 F.2d 218 (2 Cir.1933); Mitchell v. Lay, 48 F.2d 79 (9 Cir.1930) cert. den. 283 U.S. 864, 51 S.Ct. 656, 75 L.Ed. 1469 (1931).

■ There can be no doubt that a stockholder who appears pursuant to notice and has his objections overruled, ac-

---

1. Service was effectuated upon only one of these directors, the defendant Purcell, and the others are therefore not parties here.

2. Willheim was represented at the hearing by counsel who urged rejection and called several witnesses.

3. Phillips did file a brief with the referee. He contends that he was unable to appear at the hearing because he was on trial in this court in another matter on the same day. His failure to appear is irrelevant for the purposes of the determination of these motions.

quires standing for purposes of appeal under both federal law (Cohen v. Young, supra,) and New York law (Posen v. Cowdin, 267 App.Div. 158, 44 N.Y.S.2d 842 (1st Dept.1943). But that is by no means to say that he becomes a defendant for purposes of removal.

The rationale for granting a right to appeal is quite different from the rationale for removal purposes. Moreover, the right to appeal extends to a "party" (Rule 73, F.R.Civ.P.) or "party aggrieved" (§ 557 N.Y. Civil Practice Act) and is thus far broader than the right to remove, limited as it is to defendants. It therefore does not necessarily follow that one who has standing to appeal also has standing to remove.

 Here Willheim and Phillips are both stockholders of the Fund on whose behalf and for whose benefit the derivative aspect of the action was brought. Carruthers v. Jack Waite Mining Co., 306 N.Y. 136, 116 N.E.2d 286 (1953); Clarke v. Greenberg, 296 N.Y. 146, 71 N.E.2d 443, 169 A.L.R. 944 (1947). As stockholders they are also members of the class on whose behalf and for whose benefit the representative aspect of the action was instituted. Had they sought leave to intervene at any time during the course of the action upon the ground that the interests of the corporation or their own interests were not being adequately represented, indeed for the very reasons that Willheim urged in opposing the settlement before the referee, the State Court, in the exercise of its discretion, plainly could have granted them permission to do so and they would have come into the case as parties plaintiff. National Bondholders Corporation v. Joyce, 276 N.Y. 92, 11 N.E.2d 552 (1937); Hayman v. Morris, Sup., 36 N. Y.S.2d 754 (Sup.Ct., New York County 1941).

They chose not to do so, however. Instead they appeared at the hearing on settlement to make the very same claim that could have been made to the State Court on an application to intervene as parties plaintiff. Their appearance was for the avowed purpose of protecting the rights of the Fund and its stockholders as plaintiffs to recover the maximum amount from the defendants in the action. The notice served on them, pursuant to order of the New York Court, placed them in a position in which, under New York law, any approval of the settlement would have been res adjudicata as to the causes of action on these claims against the defendants. Gerith Realty Corporation v. Normandie National Securities Corporation, 266 N.Y. 525, 195 N.E. 183 (1935). See also Stella v. Kaiser, 218 F.2d 64 (2 Cir.1954) for an excellent discussion of the federal law on this subject which is to the same effect.

There is neither logic or merit in the contention that because Willheim and Phillips did not choose to accept the settlement offered to the corporation and its stockholders, the parties should be realigned so as to make the defendants, who offered the settlement, plaintiffs and Willheim and Phillips to whom, among others, it was in essence offered, defendants, in order to permit them to remove the action to this Court. Moreover, if the settlement should not be approved the action will continue in the same adversary posture with Willheim and Phillips united in interest with the plaintiff, who is asserting claims against the named and actual defendants.

Under these circumstances I hold that Willheim and Phillips were not defendants within the meaning of the removal statute and that removal of the action by them was improvident.

 It may be noted, moreover, that even were Willheim and Phillips defendants in the action so as to have standing to remove the case under § 1441, remand to the State Court would be required in any event, since it appears that the removal petition was not timely filed. Notice of hearing on the proposed settlement was mailed to all of the Fund's stockholders by March 8, 1963, pursuant to the order of the State Court. Under New York law, regardless of whether or not they appeared at the hearing, any determinations in the litigation would be res adjudicata as to those

stockholders once they received such notice. Gerith Realty Corporation v. Normandie National Securities Corporation, supra. Under these circumstances it would appear that the twenty days for Willheim and Phillips to file a petition for removal began to run from the receipt of that notice. Since Willheim and Phillips received the notice by March 12 and the petition to remove was not filed until April 26, removal was plainly not timely.

In view of these conclusions it is unnecessary to discuss the claims of the moving parties going to question of waiver of right to remove, though these claims cannot be said to be devoid of merit.

The motions to remand will be granted, with costs.

Settle order on notice.